Sherman H. SKOLNICK, Appellant,

v.

STATE of Indiana, Appellee,

and

Saul I. Ruman and Richard J. Lesniak,
Appellees (Intervenors Below).

No. 381S75.

Supreme Court of Indiana.

March 16, 1981.

Sherman H. Skolnick, pro se.

Linley E. Pearson, Atty. Gen., Alembert W. Brayton, Deputy Atty. Gen., Indianapolis, for appellee State of Indiana.

Saul I. Ruman, Hammond, for appellees Saul I. Ruman and Richard J. Lesniak.

GIVAN, Chief Justice.

The Supreme Court receives this case on a petition to transfer from a decision rendered by the Court of Appeals October 25, 1979, and recorded in 397 N.E.2d 986.

On July 29, 1975, the appellant was convicted of three counts of direct criminal contempt by the Porter Superior Court. The Court of Appeals affirmed two convictions and reversed one. Both appellant and the State, as appellee, petitioned this Court for transfer of the cause pursuant to Appellate Rule 11(B).

The relevant facts for our determination are as follows:

July 29, 1975: Order issued citing Skolnick for three counts of contempt (the subject of this appeal), and setting bond on each count at $5,000 ($15,000 total).

July 30, 1975: Bench warrant issued for Skolnick's arrest.

August 27, 1975: The trial court issued an order finding: (1) That the Porter County Sheriff had informed the court that Skolnick had fled the court's jurisdiction into Illinois in order to avoid arrest. This was supported by Skolnick's attempt to file pleadings which were mailed from Chicago, Illinois, and Skolnick's statement over a "telephone hotline" that he was in Illinois to avoid

the jurisdiction of the Porter Superior Court. (2) That the court would not entertain any pleas from Skolnick until he submitted himself to the jurisdiction of the court. (3) That the Porter County clerk was not to act on any pleadings attempted to be filed by Skolnick until further ordered by the Porter Superior Court.

September 26, 1975: Skolnick attempted to file his motion to correct errors, but it was not filed pursuant to the trial court's order.

May 5, 1976: On Skolnick's petition to the Court of Appeals for an order of mandate against the Porter Superior Court, a per curiam memorandum decision was issued giving Skolnick thirty days to submit himself to jurisdiction of the Porter Superior Court, and thereafter, sixty days to perfect his appeal.

July 12, 1976: The trial judge certified to the Court of Appeals that Skolnick had timely submitted himself to the jurisdiction of the Porter Superior Court by posting bond.

July 12, 1976: Skolnick's motion to correct errors was ordered filed.

July 29, 1976: Skolnick's motion to correct errors was overruled.

August 19, 1976: Skolnick's amended praecipe was filed.

Indiana Rules of Trial Procedure 59(C) states that a motion to correct errors shall be filed not later than sixty days after the entry of judgment. Failure to file a timely motion to correct errors precludes appellate review. *Lines v. Browning*, (1973) 156 Ind. App. 185, 295 N.E.2d 853. An extension of time to file a motion to correct errors cannot be granted. *Lines, supra.* Indiana Rules of Trial Procedure 6(B) states:

(B) Enlargement. When an act is required or allowed to be done at or within a specified time by these rules, the court may at any time for cause shown:

\* \* \* \* \* \*

(2) upon motion made after the expiration of the specified period, permit the act to be done where the failure to act

was the result of excusable neglect; but, the court may not extend the time for taking any action . . . to correct errors under 59(C) . . .

■ However, the general rule in this state is that the voluntary and unlawful absence of the defendant from the trial court's jurisdiction waives his right to a timely appeal. *Irvin v. State*, (1956) 236 Ind. 384, 139 N.E.2d 898; *State ex rel. Ruetz v. LaGrange Circuit Court*, (1972) 258 Ind. 354, 281 N.E.2d 106. In *Irvin*, we stated:

"If a prisoner escapes he is not entitled during the period he is a fugitive to any standing in court or to file any plea or ask any consideration from such court." 236 Ind. at 391, 139 N.E.2d at 901.

■ Based upon the information from the Porter County Sheriff that Skolnick had fled the Porter Superior Court's jurisdiction, the trial court ordered the clerk to refuse pleadings from Skolnick. The trial court was correct in making such an order. Skolnick's attempt to file his motion to correct errors on September 26, 1975, while absent from the trial court's jurisdiction, was correctly denied. By his continuing absence during the time period designated by Indiana Rule Tr.P. 59(C), Skolnick waived his right to file his motion to correct errors and consequently perfect his appeal for appellate review. Therefore, the mandate order issued by the Court of Appeals on May 5, 1976, granting the appellant 30 days to submit himself to the Porter Superior Court's jurisdiction and 60 days thereafter to perfect his appeal is overruled.

We accept transfer of this cause, vacate the opinion of the Court of Appeals, and dismiss this appeal for lack of jurisdiction.

GIVAN, C. J., and HUNTER and PRENTICE, JJ., concur.

DeBRULER, J., dissents with opinion.

PIVARNIK, J., not participating.

DeBRULER, Justice, dissenting.

The majority opinion states that the test to be applied in determining whether the

right to appeal was waived is the general rule that the voluntary and unlawful absence of the defendant from the trial court's jurisdiction waives his right to a timely appeal. The formation and statement of this rule predates the grant in the Indiana Constitution of the absolute right to one appeal in criminal cases. Art. 7, § 8. Under the new constitutional provision the appeal in criminal cases has become a necessary part of the machinery of criminal justice, a part, I dare say, as fundamental as the right to trial, and like the right to trial is to be safeguarded with the greatest diligence. This Court has said many times that constitutional rights, even the right to trial, may be waived, but the waiver must be made freely and understandingly, and unless they are so waived there is error in the proceeding. *State v. Lindsey, State v. Carroll,* (1952) 231 Ind. 126, 106 N.E.2d 230. This is the standard to be applied in determining whether a person convicted of a crime has waived the constitutional right to appeal, and not the one announced in the majority opinion.

Under the record as I understand it, Skolnick voluntarily and intentionally fled the jurisdiction of the Porter Superior Court. From his place in hiding, he attempted to file a motion to correct errors comporting in time and substance with the requirements of Ind. R.Tr. P. 59. While avoiding the jurisdiction of the Porter Superior Court, appellant sought extensions of time to file the record of the proceedings in the Court of Appeals. When the Court of Appeals issued its order that appellant should surrender in thirty days or suffer forfeiture of his right of appeal, appellant responded by surrendering himself to the Porter Superior Court. Thereafter Judge Pivarnik denied the motion to correct errors and the appeal was prosecuted in the normal fashion.

From the time of his conviction to the time of his surrender, appellant's conduct was contemptuous and disrespectful to the entire judicial system. He mocked the courts. His conduct was scornful. I do not for a minute wish to be understood as condoning it. However, as a judge, guided by the waiver standard, I see this conduct as inconsistent with a free and understanding relinquishment of the right of appeal. It is, indeed, consistent with a continuous desire to have an appeal of his conviction. There is nothing in the record of which I am aware that would permit the inference that appellant knew during the sixty days for filing a motion to correct errors that his appellate rights would be forfeited because of his flight from the trial court's jurisdiction. There is, therefore, ample support in the record for the Court of Appeals to have concluded that there had been no waiver of the right to appeal.

I, therefore, dissent to the dismissal of this appeal.