Rose BULLOCK a/k/a Rosemary
Wright, Appellant,

v.

STATE of Indiana, Appellee.

No. 482S142.

Supreme Court of Indiana.

Aug. 2, 1983.

George Glendening, Hammond, for appellant.

Linley E. Pearson, Atty. Gen., Palmer K. Ward, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Defendant-appellant, Rose Bullock, also known as Rose Wright, was convicted in a trial by jury of attempted murder. Upon the verdict of guilty, the court entered judgment and she was sentenced to a term of imprisonment of twenty (20) years. Two issues are presented on appeal, namely:

(1) Whether it was error to conduct the trial in appellant's absence, and

(2) whether the evidence was sufficient to convict.

The trial was scheduled for and did take place on April 28, 1980. Appellant had a conference at her lawyer's office on April 24, 1980, and was told that the trial would take place the following Monday and that she should return to the lawyer's office on Saturday. She did not appear for that meeting, but an envelope containing money and a note of thanks signed "Rose" was left at that time at the office. Appellant did not appear for the trial. A defense motion for continuance on the general basis that the defense would be prejudiced by a trial *in absentia* was denied. The trial commenced and concluded with a verdict of guilty. Appellant was later taken into custody in the State of New York and brought before the court below on November 18, 1981 for sentencing. She stated at that time that she knew the date scheduled for the trial and had left Lake County prior thereto because she was afraid of the trial. She stated that she was aware of what she had done, had asked forgiveness, and had not meant to kill anyone. Sentence was then imposed.

■ In order for the defendant in a criminal case to have the opportunity of meeting witnesses and the jury face to face and of directing the course of his trial and in order that any judgment be executed on, the Constitution and the laws provide that he shall be present at his trial. *McCorkle v. State,* (1859) 14 Ind. 39. These provisions, insofar as they are in favor of the accused, may in a non-capital case be waived. *Taylor v. United States,* (1973) 414 U.S. 17, 94 S.Ct. 194, 38 L.Ed.2d 174; *Shepler v. State,* (1980) Ind., 412 N.E.2d 62. When the accused knows the scheduled date of his trial and voluntarily chooses not to show up for it, an effective waiver has occurred. *Taylor v. United States, supra.* A case like the one before us was considered by the First District Court of Appeals in *Broecker v. State,* (1976) 168 Ind.App. 231, 342 N.E.2d 886. There the accused failed to show up at all for his scheduled trial. Prior to *Broecker* Indiana courts had dealt with circumstances in which the accused appeared for a time and then did not remain for the conclusion of the trial. *Cf., Shepler v. State, supra.*

We agree with the conclusion reached in *Broecker,* namely, that one like appellant who with knowledge of a scheduled trial date, as a result of fear, chooses not to appear and attend the trial, has, like the defendant who appears for part of a trial but disappears before its conclusion, voluntarily waived the right to attend the trial. It was therefore not error to overrule the motion for a continuance and conduct the trial *in absentia.*

■ The gravamen of this offense was that appellant went to the residence of one Katherine Jefferson, invited her outside to talk, argued with her over a man, and then in front of at least two witnesses chased her with a gun. During the chase a shot was fired. Appellant contends that the evidence serving to identify her as the person who discharged the pistol and to show that she entertained the requisite criminal state of mind, was insufficient. In determining this question we do not weigh the evidence nor resolve questions of credibility but look to the evidence and reasonable inferences therefrom which support the verdict. *Smith v. State,* (1970) 254 Ind. 401, 260 N.E.2d 558. The conviction will be affirmed if from that viewpoint there is evidence of probative value from which a reasonable trier of fact could infer that appellant was guilty beyond a reasonable doubt. *Glover v. State,* (1970) 253 Ind. 536, 255 N.E.2d 657; *Taylor v. State,* (1973) 260 Ind. 64, 291 N.E.2d 890.

■ During the confrontation with Katherine Jefferson, a .32 caliber pistol fell from beneath appellant's clothing. She picked it up and pointed it in the direction of Jefferson, saying, "I'm going to shoot you, bitch, I'm going to kill you." Jefferson stepped behind one of the other persons standing nearby. Appellant told this person that she had better get that bitch away from behind her, or she would be shot also. Jefferson then turned and ran into the house and up a stairway. Appellant was in pursuit, and while the two of them were alone in the stairwell, a single shot was fired, striking Jefferson. Appellant was chased from the

**648**

premises by another woman wielding a broom, whereupon appellant said something like, did I get the bitch. Appellant was heard to say, "My name is Rose and I live on Kenwood."

In the charge against appellant it was alleged that she did "knowingly or intentionally attempt to kill and murder ... Katherine Jefferson." According to statute, Ind.Code § 35–41–2–2(a), "A person engages in conduct 'intentionally' if, when he engages in the conduct, it is his conscious objective to do so." It is difficult to imagine a case in which the evidence of the state of mind required to prove an attempted homicide would be stronger. The evidence tends to prove appellant made repeated verbal threats of injury and death by shooting while pointing a gun at the victim. After this, the evidence tends to prove that appellant pursued the unarmed victim as she attempted to run away. All the while the victim begged for mercy. While eight feet parted them, appellant shot her target in the stomach. This conduct was deliberate. The evidence of the required state of mind was sufficient.

Appellant contends that the evidence on identification was insufficient. The purported victim Jefferson testified at trial that State's Exhibits 1 and 2 were photographs of Rose Bullock, the woman who shot her. Detective Havill testified that he arrived at the scene ten to fifteen minutes after the shooting of Jefferson, and ten minutes later arrested Rose Bullock for attempted murder when she was pointed out by witnesses. He testified that Exhibits 1 and 2 were taken that evening at the police station, and that the woman in the photographs was Rose Bullock, the one pointed out at the scene by witnesses, and the one arrested and charged with the attempted murder of Katherine Jefferson. These two photographs taken in conjunction with the testimony of Jefferson and Detective Havill were sufficient to warrant the verdict.

The conviction is affirmed.

GIVAN, C.J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.