Eugene BLATZ, Appellant,

v.

STATE of Indiana, Appellee.

No. 1283S457.

Supreme Court of Indiana.

Dec. 26, 1985.

Lowell E. Enslen, Enslen, Enslen & Matthews, Hammond, for appellant.

Linley E. Pearson, Atty. Gen., Lee Cloyd, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted by a jury of Burglary, a Class C felony. He was also found to be an habitual offender. Appellant was sentenced to a term of thirty-five (35) years.

The facts are: On the afternoon of Friday, November 26, 1982, Janice Manning went to the Lake Station Flea Market. The market consisted of a large sheet metal building with several separate selling booths within. At this time of the year, the market was only open for business on the weekends. Manning was the manager of the facility and the purpose of her visit was to turn on the heat in anticipation of Saturday's business. She testified she noticed nothing out of the ordinary at that time. When she returned on Saturday morning, she discovered a large hole in one wall. She found the selling areas of many of the merchants had been ransacked. They reported items were missing.

Late in the evening of November 26, appellant went to the home of Herbert Cox and Evelyn Lackey. He invited them to go with him for a ride in his automobile. They drove to an area near the market and parked the vehicle. Appellant, carrying a pair of tin cutters, left Cox and Lackey in the automobile. He was gone nearly an hour. When he returned, he asked Cox and Lackey to assist him in carrying goods from the market to his car. They complied. The three then drove back to Cox's neighborhood and stored the merchandise in two homes. The stolen goods were recovered and identified as those taken from the market.

■ Appellant was present at several pretrial hearings including the pretrial conference. At that time the trial date of April 25, 1983, was established. Appellant, who was free on bond, failed to appear on April 25 and was tried *in absentia*. Appellant argues this was error as there was no evidence he was advised that if he voluntarily, knowingly and without justification failed to appear trial would proceed in his absence.

In *Ramos v. State* (1984), Ind., 467 N.E.2d 717 and *Bullock v. State* (1983), Ind., 451 N.E.2d 646, we held one who has knowledge of a scheduled trial date and does not appear has knowingly waived his right to appear at trial. These cases are controlling in the case at bar. The court did not err in conducting trial in appellant's absence.

■ Appellant maintains the evidence was not sufficient to support the verdict as to two elements within the information. He argues the State failed to introduce the testimony of the purported owner to establish the building did in fact belong to a person other than appellant. He contends there was no evidence the crime was in fact committed on November 27 as alleged in the information.

Appellant's arguments are without merit. Manning, the manager of the facility, testified as to the fact one John Moffitt was the owner of the building. This was sufficient to establish ownership. Manning testified the building was secured when she inspected it on November 26. On the morning of November 27 the condition of the building was remarkably different. There was a hole in the wall and the sales area was in disarray. This is sufficient to support the inference the burglary occurred on or about November 27, 1982, as alleged in the information.

After the jury had rendered its verdict on the burglary charge, the court dismissed the panel and ordered a presentence report. After the report was completed, the court conducted the habitual offender phase of the trial. By that time appellant had been apprehended by authorities in North Carolina and returned to this state. Appellant was present during the second phase of the trial.

■ Appellant maintains the trial court erred when it permitted the State to introduce evidence of prior felony convictions. He alleges the State failed to properly link him to the person whose conviction was documented in the records. The State produced Department of Correction records

which contained his commitment papers, fingerprint cards and photographs. Additionally, the State called appellant's former probation officer who identified appellant and testified he had worked with appellant following his release from custody. The court did not err when it admitted the prior felony records.

■ Appellant avers the trial court erred when it admitted, at the habitual offender phase, an exhibit relating to a prior theft conviction. He argues the exhibit does not, on its face, conclusively establish the conviction resulted in a felony conviction and not a misdemeanor. Thus he argues the jury was forced to improperly speculate as to the nature of the conviction. Appellant did not object at trial on these grounds and did not raise the issue in the Motion to Correct Error. Thus he has waived the issue. *See Phelan v. State* (1980), 273 Ind. 542, 406 N.E.2d 237 and Ind.R.Tr.P. 59(D).

We have held the appellant has the burden of proof to establish that the prior conviction was not valid. *Underhill v. State* (1981), Ind., 428 N.E.2d 759. We have also found the question of whether a past conviction is a felony or a misdemeanor is for the court and not a question of fact for the jury. *Griffin v. State* (1981), 275 Ind. 107, 415 N.E.2d 60. However, the record must support that determination by the trial court.

■ The record in the case at bar reveals the theft trial court originally imposed a two year sentence. The court then issued a *nunc pro tunc* order modifying the sentence to one year. From the face of the document, it is unclear whether the court was revising the penalty to correspond to a finding that the Class D felony punishment of two years was being reduced by one year based upon mitigating factors or that the court was treating the crime as a Class A misdemeanor.

This is not a situation in which there is insufficient evidence to support the court's finding. Rather, the evidence is ambiguous from our appellate perspective. Thus we remand this cause to the trial court for a determination of whether the theft trial court imposed a felony or a misdemeanor judgment. Of course, if the habitual offender trial court determines the judgment was for a misdemeanor then the habitual offender finding must be expunged. If the court finds the conviction was for a felony, then the judgment of the trial court will stand.

This cause is remanded for the determination as set forth in the opinion.

All Justices concur.