William L. **FENNELL**, Appellant
(Defendant Below),

v.

**STATE** of Indiana, Appellee
(Plaintiff Below).

No. 885S330.

Supreme Court of Indiana.

May 15, 1986.

Charles R. Deets III, Heide, Sandy, Deets & Kennedy, Lafayette, for appellant (defendant below).

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee (plaintiff below).

SHEPARD, Justice.

When the day for his trial arrived, appellant William Fennell had fled the jurisdiction. The court tried him *in absentia* and the jury found him guilty of child molesting, a class B felony, Ind.Code § 35–42–4–3 (Burns 1985). The judge sentenced him to a term of fourteen years.

Fennell claims that it was error to proceed to trial without him. He also asserts that the trial court should not have admitted his confession into evidence. We affirm.

When the court assembled on the morning of January 15, 1985, everyone was present except William Fennell. The State moved the court to proceed to trial anyway and presented evidence to indicate that Fennell's absence was intentional. Defense counsel Lisa Schrader and Charles R. Deets, III, not only resisted the State's motion but provided Fennell with a full defense throughout the trial.

The evidence before the trial judge concerning Fennell's absence was provided in part by an investigator for the prosecutor's office, who testified about extensive efforts to locate the defendant. She had called numerous county jails, several hospitals, and city and state police agencies hoping that he might be found there, to no avail. A sergeant with the Tippecanoe County Sheriff's Department testified that he had been to Fennell's apartment on the morning of trial but did not find him.

The State also called Fennell's landlord, Douglas Overman. He testified that Fennell had sold his furniture and moved out the previous Friday morning. Fennell had told his landlord that he was going to Kentucky or New Mexico or Mexico. He said he was "in trouble with his ex-wife." Overman inspected the apartment and found that Fennell had in fact vacated.

Timothy Twitty worked with Fennell at the Golden Emperial Service Station. He

testified about a conversation one and a half or two weeks earlier in which Fennell had said that the "child molestation case was brought up again and that he had to appear in court." Fennell told Twitty that he learned of the need to go to court either through his lawyer or through receipt of a subpoena. The word "trial" was not mentioned; Fennell just said he "had to appear in court over the child molestation case."

Counsel indicated that he had talked with his client within the preceding week. The State asked permission to call defense counsel as a witness, but the trial court properly refused.

With this evidence before him, the trial judge determined that Fennell's absence was knowing and voluntary and proceeded to try him.[1] Subsequently, Fennell was found guilty and the court issued a warrant for his arrest. He was taken into custody and brought before the court for sentencing.

A defendant's explanation of his absence is a part of the evidence available to this Court on the question of whether it was error to try him *in absentia. Ramos v. State* (1984), Ind., 467 N.E.2d 717. Asked on cross-examination about his decision to flee, Fennell said he "felt bad what happened, I's just scared, you know. Want to be free." He said he had not known the date of his trial but "[j]ust knew I was gonna have to go to Court." He recalled a meeting in which his lawyer told him the news was not good. The prosecutor asked: "As a result of that you fled the state of Indiana and went to Texas, is that correct?" Fennell replied: "I was scared. That's correct." He said he had not told anybody, not even his family, where he had gone.

A criminal defendant has a right to be present during his trial under the Sixth

Amendment of the U.S. Constitution and under Art. 1, Sec. 13 of the Indiana Constitution. Of course, trial dates are not scheduled solely for the convenience of the defendant. A trial court may schedule the trial for a given day and proceed, provided the defendant has knowledge of the trial date. For example, when a defendant appears for the beginning of the trial and then departs, the trial may continue without him. *Taylor v. United States* (1973), 414 U.S. 17, 94 S.Ct. 194, 38 L.Ed.2d 174; *Martin v. State* (1984), Ind., 457 N.E.2d 1085.

Even when a defendant does not show up for trial at all, the court may conclude that the defendant's absence is knowing and voluntary and proceed with the trial when there is evidence that the defendant knew the scheduled date of his trial. *Bullock v. State* (1983), Ind., 451 N.E.2d 646. The best evidence of this knowledge is the defendant's presence in court on the day the matter is set for trial. *Brown v. State* (1979), 181 Ind.App. 102, 390 N.E.2d 1058.

There is no direct evidence to show that Fennell knew the actual date of his trial, although many pieces of circumstantial evidence suggest that he did. Moreover, Fennell's own explanation of his absence and his statements to Twitty point to a purposeful absence. It is not necessary to prove that a defendant knew the exact date of his trial if there is evidence to show that he departed the jurisdiction for the purpose of avoiding it. Fennell is not a defendant who mistakenly thought his trial was on Thursday and decided to take an excursion early in the week. It is clear that the very reason Fennell was absent from Indiana on the day of trial was his desire to avoid the court proceedings. Without the evidence on his intent, however, the testimony presented by the State

---

**1.** This determination would have been substantially more reliable had Fennell been brought before the court for an initial hearing, as required by Ind.Code § 35-33-7-4: "A person arrested in accordance with the provisions of a warrant shall be taken promptly for an initial hearing before the court issuing the warrant or before a judicial officer having jurisdiction over the defendant." The record reveals that Fennell was never required to appear in court for these charges until the morning of trial. The first time he was actually present was when he was sentenced.

and the court's own meager record would have been an inadequate basis upon which to conclude that Fennell's absence was knowing and voluntary. Since there is substantial evidence on Fennell's intent, we uphold the trial court's decision to proceed to trial.

 Appellant also challenges his conviction on the basis that the trial court erred by admitting his confession. Having received a complaint about possible child molestation, Detective David Hough of the Lafayette police requested that Fennell come to headquarters for an interview. Before questioning him, Hough read Fennell his *Miranda* rights and Fennell signed a waiver. During the course of the ensuing interrogation, Fennell admitted having had intercourse with the young victim.

Fennell claims that this confession was inadmissible because it was not given voluntarily, citing two passages in the statement. In one of these Fennell told the detective that he felt like two different people. He also cites a passage in which Detective Hough tells Fennell: "I think you need some expert help. We all do at times." Fennell replies: "I need some kind of help." Hough says: "Okay. Alright. We're gonna get that for you."

As for this latter exchange, it falls far short of the sort of promise of immunity or mitigation of punishment which would serve to make the confession inadmissible. *Ashby v. State* (1976), 265 Ind. 316, 354 N.E.2d 192. General statements by police officers telling a subject they "will see what they can do for him" are insufficient under the *Ashby* rule. *Schutz v. State* (1981), 275 Ind. 9, 413 N.E.2d 913. The statements made to Fennell do not seem to relate to the prospect of criminal prosecution at all.

Finally, Fennell's comment that he felt like two persons stands alone in the record as evidence of any mental impairment which might make the confession inadmissible. The statement itself reveals a discussion in which the defendant appears to understand the nature of the questions.

He responded in an appropriate way and seemed in control. This single comment is insufficient to establish that Fennell suffered some mental impairment which made his waiver of his right to remain silent involuntary. *Brown v. State* (1985), Ind., 485 N.E.2d 108.

The trial court properly admitted Fennell's confession.

The judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.