**William Eugene CRANK, Appellant (Petitioner),**

v.

**STATE of Indiana, Appellee (Respondent).**

No. 79A02–8603–PC–92.

Court of Appeals of Indiana, Second District.

Jan. 29, 1987.

J. Michael Trueblood, Lafayette, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

BUCHANAN, Judge.

## CASE SUMMARY

Petitioner-appellant William Eugene Crank (Crank) appeals from the denial of his petition for post-conviction relief,[1] claiming that the trial court erred in ordering Crank to be tried and sentenced in absentia, and holding that Crank had waived his right to a direct appeal because of his absence from the jurisdiction.

---

1. Ind.Rules of Procedure, Post-Conviction Rule 1.

We remand to the trial court for correction of the sentence imposed upon the habitual offender count.

Otherwise, the judgment is affirmed.

## FACTS

On September 30, 1980, Crank was charged with battery with a deadly weapon, a class C felony,[2] and battery causing serious bodily injury, a class C felony.[3] Crank was also alleged to be an habitual offender.[4]

Crank appeared in court on November 17, 1980, and the trial court set an omnibus date for February 19, 1981, and a jury trial date on March 9, 1981. Crank was also in court on the omnibus date. On that day, the trial court denied Crank's motion for a continuance, and it again ordered Crank to appear on March 9 for trial. Crank failed to appear in court on March 9. After the trial court found that Crank had knowingly and voluntarily fled the jurisdiction to avoid trial, Crank was tried in absentia. On March 12, 1981, the jury found Crank guilty on both battery counts. The following day, the jury determined Crank to be an habitual offender.

On June 29, 1981, the trial court sentenced Crank in absentia after finding that he knowingly and voluntarily waived his right to be present at sentencing. Crank received two concurrent eight-year terms of imprisonment on the battery counts and a thirty-year sentence on the habitual criminal count which was to run consecutively to the sentences imposed for the battery convictions. The trial court determined that Crank had waived his right to file a motion to correct error and effect a direct appeal due to his voluntary and continued absence from the jurisdiction. Crank was apprehended in Arizona in February, 1982. He was returned to Indiana and, on April 24, 1984, he filed his petition for post-conviction relief contending that because he was improperly tried and sentenced in absentia, the trial court erred in determining that he waived his right to file a motion to correct error, thus precluding direct appellate review of alleged errors which occurred at trial.[5] Following an evidentiary hearing, the trial court denied Crank's petition on August 1, 1985.

Crank now appeals.

## ISSUES

We need address only the following issues:

1. Did the trial court err in trying Crank in absentia?

2. Did the trial court err in sentencing Crank in absentia?

3. Did the trial court err in determining that Crank waived his right to effect a direct appeal, thus precluding direct appellate review of alleged trial errors?

4. Did the trial court err in sentencing Crank when it failed to specify which felony conviction was to be enhanced as a result of the habitual offender determination?

## DECISION

ISSUE ONE—Did the trial court err in trying Crank in absentia?

PARTIES' CONTENTIONS—Crank asserts that the trial in absentia violated his common law and statutory right to be present at trial. Crank also contends there was insufficient evidence to support the trial court's finding that Crank had voluntarily absented himself from trial.

The State maintains that the trial court acted within its discretion in ordering the

**2.** Ind.Code 35–42–2–1 (1986).

**3.** IC 35–42–2–1 (1986).

**4.** IC 35–50–2–8 (1980) (amended and presently codified at IC 35–50–2–8 (1986)).

**5.** Crank contended there was insufficient evidence to support the habitual offender finding, that the trial court erred in denying Crank's motion for a continuance, that the use of a "mug" shot was improper, and that the trial court erred in failing to grant a mistrial during final argument at the habitual offender phase of the trial.

trial to proceed because Crank voluntarily and knowingly waived his right to be present.

CONCLUSION—The trial court did not err in conducting trial in Crank's absence.

■ Although a criminal defendant has a right to be present at trial, *Fennell v. State* (1986), Ind., 492 N.E.2d 297; U.S. CONST. amend. VI; Ind. CONST. art. I, § 13, trial dates are not scheduled solely for the convenience of the defendant. *Fennell, supra.* When a defendant fails to appear for trial, the trial court may conclude that the defendant's absence is knowing and voluntary and proceed with the trial when there is evidence that the defendant knew of his scheduled trial date. *Blatz v. State* (1985), Ind., 486 N.E.2d 990; *Bullock v. State* (1983), Ind., 451 N.E.2d 646. As we recognized in *Brown v. State* (1979), 181 Ind.App. 102, 390 N.E.2d 1058, the best evidence of this knowledge is the defendant's presence in court on the day the matter is set for trial.

■ When Crank was in court on November 17, 1980, the trial court set a March 9, 1981 trial date. *Record* at 179. Crank also appeared for a pretrial hearing on February 19, 1981. At that hearing, the trial court overruled Crank's motion for a continuance, and again ordered Crank to appear on March 9 for trial. *Record* at 208. Crank had knowledge of his trial date and failed to appear. Therefore, he knowingly waived his right to appear at trial. *See Blatz, supra.* The trial court did not err in conducting trial in Crank's absence.

ISSUE TWO—Whether the trial court erred in sentencing Crank in absentia?

PARTIES' CONTENTIONS—Crank contends that the trial court erred when it sentenced Crank in absentia because a criminal defendant's presence at sentencing is required.

The State responds that it was proper for the trial court to sentence Crank in absentia because he waived his right to be present by his voluntary absence.

CONCLUSION—The trial court committed no error in sentencing Crank in absentia.

Our supreme court has held that a defendant has the right to be present at sentencing. *Royal v. State* (1979), 272 Ind. 151, 396 N.E.2d 390. When Crank was sentenced on June 29, 1981, IC 35–4.1–4–4(a) provided as follows:

> "Unless the offense is one punishable by a fine only, the defendant shall be personally present at the time sentence is pronounced. If the defendant is not personally present when sentence is to be pronounced, the court may issue a warrant for his arrest." [6]

■ Our supreme court has held that despite statutory and constitutional provisions which seemingly require the defendant's presence during criminal proceedings, those provisions may be waived "insofar as they are in favor of the accused." *Bullock, supra,* at 647. A number of jurisdictions have recognized that the accused's right to be present at sentencing may be waived by his voluntary absence. *See generally* 3 C. TORCIA, WHARTON'S CRIMINAL PROCEDURE § 482 at 341–42 (12th ed. 1975); Annot., 6 A.L.R.2D 997 §§ 1–3 (1949) and cases cited therein. A defendant's right to be present at trial is clearly waivable. *Fennell, supra; Blatz, supra.* We believe it would be anomalous to hold that a defendant may waive his right to be present at proceedings prior to sentencing but cannot waive that right with respect to sentencing. IC 35–38–1–4 does not preclude waiver of the right to be present at sentencing. The statute's purpose is to prevent the State from doing anything or undertaking any action that would preclude a

---

6. This section was amended and is now recodified at IC 35–38–1–4 (1986) which reads:

"(a) The defendant must be personally present at the time sentence is pronounced. If the defendant is not personally present when sentence is to be pronounced, the court may issue a warrant for his arrest.

(b) Sentence may be pronounced against a defendant corporation in the absence of counsel, if counsel fails to appear on the date of sentencing after reasonable notice."

defendant from exercising his right to be present. We hold that a defendant may waive his right to be present at sentencing if it is shown that his absence from the jurisdiction at the time of that proceeding is knowing and voluntary.

■ The trial court correctly determined that Crank voluntarily absented himself from the June 29, 1981 sentencing hearing. Before the trial court pronounced sentence, it heard evidence regarding Crank's absence. Terry Robbins (Robbins) testified that he wrote Crank's surety bond on December 18, 1980. Following Crank's failure to appear at trial, Robbins contacted police and talked with Crank's parents who were listed as sureties on the bond. Despite Robbins's efforts, he was unable to locate Crank. Lafayette Police Department Detective Daniel Eberle (Eberle) testified that the police department had conducted an extensive search for Crank. The investigation revealed that Crank rented a truck in Lafayette in early-May, 1981, and drove to Merrillville, Indiana. Eberle also learned that Crank had been in Oklahoma in mid-May, 1981. When Crank was apprehended on February 10, 1982, he told Eberle that he left because he felt he would not receive a fair trial.

The evidence clearly demonstrated that the very reason Crank was absent at trial and sentencing was because of his desire to avoid the court proceedings. The trial court properly determined that Crank waived his right to be present at sentencing and therefore did not err in sentencing him in absentia.

ISSUE THREE—Did the trial court err in determining that Crank waived his right to effect a direct appeal, thus precluding appellate review of alleged trial errors?

PARTIES' CONTENTIONS—Crank argues that since he should not have been sentenced in absentia, the trial court erred in concluding that Crank had waived his right to a direct appeal.

The State responds that this ruling was correct since Crank voluntarily absented himself from the jurisdiction of the court.

CONCLUSION—The trial court correctly determined that Crank waived his right to take a direct appeal, thus precluding appellate review of alleged trial errors.

Our supreme court has held that when a defendant voluntarily absents himself from the trial court's jurisdiction during the time period designated for filing a motion to correct errors, the defendant waives his right to file the motion to correct errors and consequently waives his right to perfect his appeal for appellate review. *Skolnick v. State* (1981), 275 Ind. 461, 417 N.E.2d 1103. Ind. Rules of Procedure Criminal Rule 16 provides that in all criminal cases a defendant shall have sixty days from the date of sentencing to file a motion to correct errors. Because Crank was properly sentenced on June 19, 1981, the sixty-day time period commenced to run the following day.

■ While a defendant's voluntary absence from the jurisdiction *by itself* is not proof of a defendant's voluntary and knowing relinquishment of his statutory right to appeal, *see Ruetz v. Lash* (7th Cir.1974), 500 F.2d 1225, our supreme court has held that when a defendant absconds from the jurisdiction and is recaptured *after* the time limits for bringing an appeal have expired, the rules do not require us to provide appellate review in every circumstance. The appeal must only be reviewed "if the procedures prescribed for all would-be-appellants are substantially complied with or that the failure of such compliance is excusable." *Prater v. State* (1984), Ind., 459 N.E.2d 39, 40. Moreover, in *Skolnick, supra,* Chief Justice Givan wrote:

"[b]ased upon the information from the Porter County Sheriff that Skolnick had fled the Porter Superior Court's jurisdiction, the trial court ordered the clerk to refuse pleadings from Skolnick. The trial court was correct in making such an order. Skolnick's attempt to file his motion to correct errors ... while absent from the trial court's jurisdiction, was correctly denied. By his continuing absence during the time period designated

by Ind. Rule Tr.P. [sic] 59(C), Skolnick waived his right to file his motion to correct errors and consequently perfect his appeal for appellate review."

*Id.* 275 Ind. at 463–64, 417 N.E.2d at 1104. Crank voluntarily absented himself from the jurisdiction at the time of sentencing and therefore waived his right to be present. Therefore, the trial court's refusal to permit Crank to file a motion to correct error during his continued absence was proper. *See Skolnick, supra.* When Crank was apprehended in February, 1982, the time limits for bringing a direct appeal had expired; however, he raised several alleged trial errors in his petition for post-conviction relief, contending that these errors constituted grounds for relief.

■ It is clear that the remedy of post-conviction relief is not a substitute for a direct appeal. *Bailey v. State* (1985), Ind., 472 N.E.2d 1260; P.C.R. 1, § 1(b). Errors not assigned at the trial level or argued on direct appeal are deemed waived in the context of post-conviction relief. *Bailey, supra.* Rather, the post-conviction relief process is open to the raising of issues not known or not available at the original trial and appeal. It is not, however, open to the raising of issues available to a petitioner upon an original appeal. *Id.* In *Langley v. State* (1971), 256 Ind. 199, 267 N.E.2d 538, our supreme court recognized that "[t]o unreservedly hold the door open for appellate review under the post-conviction remedy rules, regardless of the circumstances which preceded, would per force characterize post conviction relief as some sort of 'super-appeal' contrary to its intended function." *Id.* at 210, 267 N.E.2d at 544. Crank waived his right to effect a direct appeal. We therefore decline to review the alleged trial errors which were raised for the first time in his petition for post-conviction relief.

ISSUE FOUR—Did the trial court err in sentencing Crank when it failed to specify which felony conviction was to be enhanced as a result of the habitual offender determination?

CONCLUSION—The trial court improperly sentenced Crank when it failed to specify which felony conviction was to be enhanced as a result of the habitual offender determination.

■ While it was proper to sentence Crank in absentia, we observe that the trial court did not specify which of the two underlying felony convictions was enhanced by virtue of the habitual offender determination. At sentencing, the trial court imposed a thirty-year sentence on the habitual criminal count which was ordered to run consecutively to the concurrent sentences Crank received for both class C felony battery convictions.

Our supreme court has held that the habitual offender determination is not a conviction of a separate crime. Rather, the habitual offender finding results only in an enhanced sentence for an underlying felony. *Carter v. State* (1985), Ind., 479 N.E.2d 1290; *Edwards v. State* (1985), Ind., 479 N.E.2d 541. Additionally, where there are two or more underlying felony convictions, the trial court must specify which felony is being enhanced because of the habitual offender determination. *Pillow v. State* (1985), Ind., 479 N.E.2d 1301; *Edwards, supra; McBrady v. State* (1984), Ind., 459 N.E.2d 719. Accordingly, this cause should be remanded for the trial court to correct the sentence to reflect which of Crank's underlying felony convictions is enhanced by reason of the habitual offender finding.

Remanded to correct the sentence imposed upon the habitual offender count. The judgment in all other things is affirmed.

SHIELDS, P.J., concurs.

SULLIVAN, J., concurs with separate opinion.

SULLIVAN, Judge, concurring.

I agree that the cause must be remanded for correction of the sentences. I also agree that the trial court did not err in denying Crank's Petition for Post Conviction Relief.

With regard to the merits of the Post Conviction Petition, the trial court was entitled to conclude from the evidence that Crank voluntarily absented himself from the jurisdiction knowing the date upon which he was to appear for trial. I therefore agree that it was not error to conduct the trial in his absence.

I do not, however, agree that, as stated by the majority, a defendant's absence may be held to be voluntary merely because he was aware of the trial date. Neither am I able to agree that knowledge of trial date coupled with failure to appear constitutes knowing waiver of the right to appear at trial. I believe the law is correctly set forth in *Bullock v. State* (1983) Ind., 451 N.E.2d 646, wherein our Supreme Court held that knowledge of the trial date coupled with the defendant's voluntary choice not to appear, constitutes an effective waiver. The crucial factor missing from the equation postulated by the majority here is the *voluntary* absence of the defendant. Because there may be numerous causes for a defendant's absence, a defendant should not be foreclosed from making a belated attack upon his conviction if he can explain his absence. As held in *Hudson v. State* (1984) 4th Dist. Ind.App., 462 N.E.2d 1077; *Walton v. State* (1983) 4th Dist. Ind. App., 454 N.E.2d 443; and *Gilbert v. State* (1979) 2d Dist., 182 Ind.App. 286, 395 N.E.2d 429, a trial may proceed in the absence of a defendant if the circumstances are consistent with a voluntary failure to appear. When at his earliest opportunity the defendant appears, however, he must be permitted to demonstrate that his absence was not voluntary.

Here, as in *Ramos v. State* (1984) Ind., 467 N.E.2d 717, the evidence permitted a reasonable inference that the defendant fled the jurisdiction in order to avoid trial and sentencing. It was Crank's burden at the Post Conviction hearing to prove to the contrary. He did not do so. I agree that post conviction relief was properly denied in this respect.

The majority also holds that because Crank was voluntarily absent from the jurisdiction during the entire period for perfection of a direct appeal, he has waived the right to assert matters which might have been presented in a timely direct appeal. I agree. I do not, however, agree that voluntary absence from the trial and from sentencing constitutes a waiver of the right of direct appeal. If defendant Crank had returned to this jurisdiction and had filed a timely motion to correct errors and perfected an appeal, I believe we could not properly hold that the right of appeal had been waived. *Prater v. State* (1984) Ind., 459 N.E.2d 39. Because, in the case before us, the defendant was voluntarily absent during the entire period for perfection of a timely appeal, waiver was properly applied.