Clyde WILLIAMS, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 45S00–8711–CR–1022.

Supreme Court of Indiana.

Aug. 23, 1988.

Scott King, Appellate Div., Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Lisa Anne McCoy, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant–Appellant Clyde Williams was charged in the Lake Superior Court, Criminal Division, of the crimes of Kidnapping, a class A felony, and Robbery, a class B felony. Trial commenced on June 15, 1987, and Williams was present on that date. He failed to appear on June 16, 1987, and the trial proceeded in his absence. On that date, the jury returned verdicts of guilty on both counts as charged. On July 2, 1987, again in Williams' absence, the court sentenced him to a term of forty-five (45) years on the kidnapping conviction, and a term of fifteen (15) years on the robbery conviction, said sentences to run concurrently.

The only issue presented by Williams in this direct appeal is the error of the trial court in sentencing him in his absence.

The facts show that on November 22, 1986, victim Hershel Donaldson was en route to his job in Gary, Indiana, when he stopped his car to pick up a hitchhiker near 35th Avenue. That hitchhiker was Clyde Williams. After getting into the vehicle, Williams produced a shotgun, pointed it at Donaldson and ordered him to get on Interstate 80–94. Williams told Donaldson, "Don't make me shoot you." While ordering Donaldson to drive around various places in the Gary area, Williams forced Donaldson to give him two twenty-dollar bills, his wallet, and an additional sum of money from his trousers pocket. Williams later ordered Donaldson out of the vehicle and drove off with it. Williams was later apprehended with another subject when he was observed stripping Donaldson's vehicle in an alley in the 2400 block of Delaware Street in Gary. When police officer Irons approached Williams and the other subject, the other subject fled on foot and Williams attempted to escape in Donaldson's Oldsmobile automobile. During a high speed chase Donaldson's vehicle was wrecked. Officer Irons then approached the vehicle and observed Williams procure a shotgun. This shotgun was later identified by Donaldson as the gun used on him. Officer Irons wrestled the weapon from Williams' hand and placed him under arrest. Donaldson and Irons later identified Williams in a lineup.

The record clearly shows Williams was present in court during pretrial hearings, including the hearing in which trial of his case was set for June 15. He was present on June 15, the first day of trial, which included *voir dire* and selection of the jury. At the close of the day, the court instructed the jury as to their conduct while out of the court for the night, and advised them the trial was recessed until the next day, June

16, at 9:00 a.m. On the morning of the 16th, Williams' father went to Williams' home to pick him up and take him to court. Williams was not present and no member of his family knew where he was. Williams' father reported to the court that he did not know where his son was, that he was with his son when they left the court on June 15, at the close of the day's session and that he was present when the bailiff said to Williams as he left, "I'll see you tomorrow." Williams' father said he was aware and knew his son was aware that the case would continue on the morning of the 16th. The prosecutor indicated investigators were sent to find Williams but were unsuccessful. The trial was completed on June 16 and Williams was found guilty of both charges. On July 2, Williams still had not been located and the trial court had a sentencing hearing and pronounced sentence on him. On July 10, 1987, Williams appeared in court and was advised by the Judge the details of the sentence imposed on him. The court then inquired whether Williams wanted to appeal the case and Williams indicated he did. Arrangements were then made for counsel to represent him in his appeal.

Williams acknowledges a criminal defendant's right to be present in court can be waived and the court acts properly when it permits the cause to go to trial without his presence when there is waiver. His only complaint is that the court did not spend enough time looking for him before proceeding in his absence. He does not claim he was unaware the trial was to continue on June 16, nor does he give any explanation of where he was and why he was not in court after June 15. It is well established that a criminal defendant can waive his right to be present at his trial when his absence evidences a knowing and voluntary absence. It is proper for the court to proceed to try him *in absentia.* In *Fennell v. State* (1986), Ind., 492 N.E.2d 297, 299–300, this court held that the trial court may conclude that a defendant's absence is knowing and voluntary when there is evidence he knew the scheduled day of his trial and the best evidence of this knowledge is his presence in court the day

the matter is set for trial. Williams was not only present on the day his cause was set, he was there the day before when his cause was in trial. *See also Blatz v. State* (1985), Ind., 486 N.E.2d 990; *Bullock v. State* (1983), Ind., 451 N.E.2d 646. For the same reasons, it also was proper for the trial court to sentence Williams on July 2. *Crank v. State* (1987), Ind.App., 502 N.E. 2d 1355, 1358–59. Furthermore, Williams was brought to court when he finally did appear on July 10, and fully advised of his sentence and his right to appeal the court's decision. He states nothing to show he was prejudiced in any manner by the court's actions that were not the result of his own choice to waive his right to be there. *Royal v. State* (1979), 272 Ind. 151, 153–54, 396 N.E.2d 390, 392.

The trial court is affirmed.

SHEPARD, C.J., and GIVAN and DICKSON, JJ., concur.

DeBRULER, J., dissenting with separate opinion.

DeBRULER, Justice—dissenting.

I respectfully dissent. I.C. 35–38–1–4 provides as follows:

"Sec. 4. (a) The defendant must be personally present at the time sentence is pronounced. If the defendant is not personally present when sentence is to be pronounced, the court may issue a warrant for his arrest.

(b) Sentence may be pronounced against a defendant corporation in the absence of counsel, if counsel fails to appear on the date of sentencing after reasonable notice."

I read this provision as having a twofold purpose. One concerns the right of the defendant to be present in person and by counsel and to speak on his own behalf regarding the proper penalty. The other is to restrict the power of courts when sentencing. In the practice of law, except in situations made specific by statute, courts do not sentence in absentia. This practice follows the public policy which is at the base of this statute, which is that a system which condones in absentia sentencing is

subject to abuse, where for example a court permits defense counsel to appear for sentencing without the defendant and to receive the formal sentencing decision. When this occurs, the importance and deterrent effect of the sentence is diminished or lost altogether. This latter purpose of the statute has nothing to do with insuring the interests of the defendant. It is instead intended to serve the public good. The only way to serve both goals of this statute is by construing the requirement that the defendant be present for sentencing, as jurisdictional. The majority in this case, and the Court of Appeals in *Crank v. State* (1987), Ind.App., 502 N.E.2d 1355, are in error in failing to discern this important feature of the statute.