**Arnold T. PHILLIPS, Jr., Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 53A01–8904–CR–140.

Court of Appeals of Indiana, First District.

Sept. 12, 1989.

Richard Kammen, Katharine Polito, McClure, McClure & Kammen, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Judge.

Appellant-defendant Arnold Phillips appeals his conviction of public intoxication following a bench trial in which he was tried *in absentia*. The issue Phillips presents is whether he knowingly and intelligently waived his right to be present at his trial.

We reverse.

Phillips, an attorney who practices in Missouri, elected to defend himself against charges of public intoxication and disorderly conduct stemming from an incident in Bloomington, Indiana. In preparation for trial, the State and Phillips filed motions for discovery. As a result of delays in obtaining materials, Phillips apparently sought several continuances. The record does not reflect what transpired prior to trial with absolute clarity, as the parties and the trial court admit; however, we may fairly summarize the entries as follows: the court originally set the pretrial hearing for July 19, 1988. On July 18, the pretrial was reset for August 15, and the trial for August 22. The record then reflects that the court, on August 16, reset the pretrial to August 22 and the trial to August 29. The next entry reflects Phillips' motion for continuance, mailed on August 15, and filed August 19. While it appears that the new settings of pretrial and trial could not have been in response to Phillips' written motion, in his affidavit accompanying his motion to set aside the judgment, Phillips avers he called the court on August 12 after talking to the prosecutor and advised the judge that the matter had been continued by consent. The entry reflecting that the pretrial and trial were set for August 22 and 29, respectively, does not show a copy sent to Phillips, as other entries show.

The pretrial hearing was held on August 22 in Phillips' absence, and court personnel mailed a copy of the pretrial order, showing the August 29 trial date, to Phillips' office. Nevertheless, on August 29, after the court noted Phillips' absence, the court proceeded with the trial and Phillips was convicted of public intoxication and acquitted of disorderly conduct. Because Phillips had decided to proceed *pro se*, no evidence was presented in Phillips' defense.

Four days after the trial, on September 2, Richard Kammen entered his appearance for Phillips and filed a motion to set aside the judgment. The accompanying affidavit of Phillips reflected that Phillips had no notice of the August 22 and August 29 settings, and that when he called the prosecutor's office September 1st to inquire on what date the trial was set, he learned he had been tried *in absentia*. In the affidavits of Phillips' secretaries, they state that they customarily receive and sort mail for Phillips, that all mail received since August 22 was handled in the usual manner, and that no mail has been lost when this procedure has been followed.

After a hearing on Phillips' motion to set aside the judgment, the trial court denied relief, and later sentenced him on the guilty verdict. On appeal, Phillips maintains that he had not waived his right to be present at trial where there was a substantial question whether he received notice of the scheduled trial date. Accordingly, Phillips contends that the trial court should have set aside the guilty verdict and granted him a new trial.

We have studied the many cases in Indiana which deal with the absence of an accused from his trial. The State proffers them in support of its contention that Phillips waived his right to be present at his trial, pointing to the evidence that the court mailed to Phillips its pretrial order bearing the trial date. Generally, the continued absence of a defendant who knows of his obligation to be in court, when coupled with a failure to notify the court and provide it with an explanation, constitutes a knowing and voluntary waiver. *Maez v. State* (1988), Ind.App., 530 N.E.2d 1203; *Brown v. State* (1979), Ind.App., 390 N.E.2d 1058; *Ramos v. State* (1984), Ind., 467 N.E.2d 717; *Fennell v. State* (1986), Ind., 492 N.E.2d 297. The best evidence that defendant knew of his trial date is his presence in court on the day that the trial date was set. *Crank v. State* (1987), Ind.App., 502 N.E.2d 1355.

In all the cases in which our courts have treated defendant's absence as a waiver, defendant had fled the jurisdiction,

*Crank, supra; Brown, supra,* had stayed away out of fear, *Ramos, supra; Fennell, supra; Bullock v. State* (1983), Ind., 451 N.E.2d 646, or had, at the least, known the trial date but continually failed to stay in contact with counsel and then failed to appear for trial without any justifiable explanation at all. *Maez, supra; Gilbert v. State* (1979), 182 Ind.App. 286, 395 N.E.2d 429 (alcoholic defendant was drunk the morning of trial). These cases are inapposite here. We believe this case presents facts which demand a deeper analysis of the waiver question than was necessary in the above cases. This is true because in the instant case, there was only circumstantial evidence that Phillips knew of the trial date. In a nutshell, the trial court found Phillips had waived his right to be present at his trial because the State had complied with the notice requirements of Indiana Rules of Procedure, Trial Rule 72(D). This assessment of the evidence completely ignores the conduct of the accused, which is but one of the factors to be considered in determining whether an accused has waived his constitutional rights. *Johnson v. Zerbst* (1938), 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461.

■ In the landmark case of *Johnson v. Zerbst, id.,* the Supreme Court, recognizing the fundamental nature of the right to counsel, held that waiver of constitutional rights is ordinarily an "intentional relinquishment or abandonment of a known right or privilege." The determination of whether there has been an intelligent waiver of rights must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused. Courts indulge every reasonable presumption against waiver of fundamental constitutional rights. *Id.* 304 U.S. at 464, 58 S.Ct. at 1023.

■ The *Johnson* standard of a knowing and intelligent waiver has been applied only to those rights which the Constitution guarantees to a criminal defendant in order to preserve a fair trial. *Schneckloth v. Bustamonte* (1972), 412 U.S. 218, 237, 93 S.Ct. 2041, 2052, 36 L.Ed.2d 854. Other

fundamental rights which demand a knowing and intelligent waiver are right to trial by jury, *Smith v. State* (1983), Ind.App., 451 N.E.2d 57, right to confront witnesses, *Brookhart v. Janis* (1965), 384 U.S. 1, 86 S.Ct. 1245, 16 L.Ed.2d 314 and right of an accused to be present at trial. *U.S. v. Marotta* (9th Cir.1975), 518 F.2d 681, 684. By establishing a heavy burden on the government to show an "intentional relinquishment or abandonment of a known right or privilege," the Supreme Court intended to preserve the fairness of the trial process, and consequently, the reliability of the truth-determining process. *Schneckloth, supra* 412 U.S. at 236, 93 S.Ct. at 2052.

■ In the interest of ensuring Phillips' right to a fair trial, it was incumbent upon the State to present evidence that Phillips knowingly and intelligently waived his right to be present at his trial. The ultimate burden is upon the State to prove Phillips waived his constitutional rights, although Phillips had the burden of going forward with evidence to refute the initial finding of the trial court. *U.S. v. Marotta, supra* at 684; *Schneckloth, supra* 412 U.S. at 236, 93 S.Ct. at 20. The court must then undertake the weighty task of determining whether an intelligent and knowing waiver occurred, and this determination is best made on the record, indulging every reasonable presumption against waiver. *Johnson, supra; Brookhart, supra.*

■ On this record, we do not hedge in our conclusion that the trial court failed to indulge any presumption against waiver, and neglected to make a determination of waiver on the record. Before trial began, the court's colloquy reads as follows:

THE COURT: Do we know that the defendant knew that he was supposed to be here today?

REPORTER: We can assume from the pretrial order.

THE COURT: The pretrial order states that he was not present.

REPORTER: We would have mailed that copy to him at the address he provided us.

THE COURT: That would have been done.

REPORTER: Yes, the pink copy would be mailed with the docket sheet.

THE COURT: Okay, this is 8806–1673. The State of Indiana versus Arnold T. Phillips. Show present the state of Indiana by its Deputy Prosecuting Attorney, Clarence C. Frank. The defendant fails to appear after having been called three times. It appears that the defendant may have filed a motion to continue this, or he may not have, it is not at all clear from the pleading. At any rate, it would be inappropriate for the defendant to assume that the Court would grant the motion. And the Court will proceed with trial at this time.

Record at 45–46.

After the State rested, the court announced the guilty verdict. At the hearing on the motion to set aside the judgment, Phillips testified and presented evidence that he had arranged with the prosecutor to continue the pretrial and trial, had notified the court, had filed a continuance motion, and was actively pursuing a defense. He also presented evidence that he did not receive a copy of the pretrial order. Although the deputy prosecuting attorney appeared before the court to discuss his recollection of his conversation with Phillips, the State presented no sworn testimony or other evidence discharging its burden. Unsworn statements by counsel are not evidence. *Gajdos v. State* (1984), Ind., 462 N.E.2d 1017, 1021. At the most, the uncontroverted evidence showed that Phillips inadvertently, perhaps negligently, failed to keep himself apprised of the pretrial and trial dates. However, to infer from even the evidence favorable to the State that Phillips' conduct constituted a waiver is hardly consonant with the *Johnson* standard of waiver as "an intentional relinquishment or abandonment of a known right or privilege."

In short, the State presented no evidence of a purposeful absence, and there was no evidence presented from which we can infer that Phillips was absent because he was avoiding trial. In *Fennell, supra,* the court held that without the evidence on the accused's intent to avoid trial, the circumstantial evidence that the defendant knew of his trial date would have been an inadequate basis upon which to conclude Fennell's absence was knowing and voluntary. Consistent with *Fennell,* we find the evidence here meager on the question of Phillips' knowledge of the trial date, and completely lacking on his intent to avoid trial. The State has not shown that Phillips knowingly and intelligently waived his right to be present at his trial. He was therefore deprived of a fair trial. Accordingly, we reverse and grant Phillips a new trial.

Judgment reversed.

SHIELDS, P.J., and HOFFMAN, J., concur.