**Robert L. DIXON, Appellant/Defendant,**

v.

**STATE of Indiana, Appellee/Plaintiff.**

**No. 84A04–8912–CR–555.[1]**

Court of Appeals of Indiana,
Fifth District.

Feb. 14, 1991.

Transfer Denied April 23, 1991.

Dennis R. Majewski, Terre Haute, for appellant/defendant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee/plaintiff.

BARTEAU, Judge.

Robert L. Dixon appeals his two-count conviction for Dealing in Cocaine, a Class B Felony. We *sua sponte* raise the issue whether this court has jurisdiction to hear

1. This case was reassigned to this office on  January 2, 1991.

this appeal. We conclude that we do not and dismiss the appeal.

Dixon was sentenced on July 5, 1989. He filed a motion to correct errors and memorandum in support on September 4, 1989, sixty-one (61) days after sentencing. The trial judge denied the motion on September 12, 1989. Dixon filed his praecipe on September 14, 1989.

The Indiana Supreme Court recently amended the rules governing appeals. The first set of amendments, effective January 1, 1989, was quickly superseded by a second set that became effective February 16, 1989. The February 16, 1989 amendment, in effect at the time Dixon was sentenced, provides, in pertinent part:

> (A) When Mandatory. A Motion to Correct Error is not a prerequisite for appeal, except when a party seeks to address newly discovered material evidence, including alleged jury misconduct, capable of production within thirty (30) days of final judgment which, with reasonable diligence, could not have been discovered and produced at trial.
>
> All other issues and grounds for appeal appropriately preserved during trial may be initially addressed in the appellate brief.
>
> (B) Time for Filing With Judge or Clerk. It shall be deemed sufficient filing of a Motion to Correct Error within thirty (30) days of sentencing in a cause.... Trial Rule 59 (Motion to Correct Error) will apply to criminal proceedings insofar as applicable and when not in conflict with any specific rule adopted by this court for the conduct of criminal procedure.

Ind.Crim.Rule 16 (further amended November 13, 1989, effective on January 1, 1991).

Ind.Trial Rule 59 provides in pertinent part:

> (C) Time for Filing: Service on Judge. The motion to correct error, if any, shall be filed not later than thirty (30) days after the entry of a final judgment....
>
> (D) Errors Raised by Motion to Correct Error, and Content of Motion. Where used, a Motion to Correct Error need only address those errors found in

Trial Rule 59(A)(1) and (2) [newly discovered evidence and a claim that a jury verdict is excessive or inadequate].

■ Thus, a motion to correct error is not a prerequisite for an appeal of a criminal case unless the issue raised is based on newly discovered evidence. When newly discovered evidence is alleged, a motion to correct error is mandatory and a failure to file the motion in a timely manner precludes appellate review. *Skolnick v. State* (1981), 275 Ind. 461, 417 N.E.2d 1103, 1104. Timely filing is a jurisdictional act and an absolute precondition to appeal. *Matter of Guardianship of Green* (1988), Ind.App., 525 N.E.2d 634, 635.

■ Under the new appellate rules, a party filing a motion to correct error need not raise every issue in the motion that will be raised on appeal. To be preserved, only those issues making the motion mandatory need to be raised in the motion. T.R. 59(D). In his motion to correct errors, Dixon raised the issues (1) whether the trial court erred in denying Dixon's motion for change of venue, and (2) whether the evidence was sufficient to support the convictions. On appeal, Dixon raises the issue whether the trial court erroneously excluded certain testimony.

Clearly, Dixon did not raise an issue that mandated filing a motion to correct error in order to preserve an appeal. His was an optional motion filed after the thirty (30) day time limit. The issue facing us is whether an optional motion to correct error (which is not mandatory but filed anyway) must be timely filed in order to preserve the right to an appeal of all issues.

Our Supreme Court intended to streamline the appeals process by dispensing with the motion to correct error except in two specific circumstances. Thus, the motion to correct error is no longer an automatic prerequisite for appeal. Where it is mandatory, it must be filed within thirty (30) days of the judgment rather than sixty (60) days as required by the old rules. If a motion is not filed, the praecipe must be filed within thirty (30) days of the judgment. Ind.Appellate Rule 2. To hold that

an untimely, optional motion to correct error can be filed late and yet preserve issues for appeal would thwart that intention.

We hold that if an appellant files a motion to correct error that is not mandatory under the rules, the motion must be filed within thirty (30) days after the judgment in order to preserve the appellant's right to an appeal of all issues.

In the case before us, Dixon filed his motion to correct error on September 4, 1989, sixty-one (61) days after the sentence was imposed.[2] Dixon did not preserve his right to an appeal and we do not have jurisdiction.

Even if Dixon was relying on the filing of his praecipe we would have to dismiss this appeal. The praecipe must be filed within thirty (30) days of the judgment, A.R. 2, and Dixon's was not filed until seventy-one (71) days after the judgment.

Appeal Dismissed.

MILLER, P.J., and STATON, J., concur.

---

**2.** This would have been a timely filing under the old rule because the sixtieth day fell on a Sunday. Rules of Appellate Procedure, Rule 13.