## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 25 2015, 9:12 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

| | |
|---|---|
| **APPELLANT PRO SE** | **ATTORNEYS FOR APPELLEE** |
| Robert A. Ottomanelli<br>Pendleton, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana<br><br>J.T. Whitehead<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Robert A. Ottomanelli,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | March 25, 2015<br><br>Court of Appeals Case No.<br>45A03-1410-CR-369<br><br>Appeal from the Lake Superior<br>Court<br><br>The Honorable Samuel L. Cappas,<br>Judge<br><br>Cause Nos. 45G04-9803-CF-48;<br>45G04-9805-CF-96 |

**Brown, Judge.**

[1] Robert A. Ottomanelli, *pro se*, appeals the trial court's denial of his motion for return of bond money. Ottomanelli raises two issues which we revise and restate as whether the trial court abused its discretion in denying Ottomanelli's motion to correct error or erred in denying his motion for return of cash bond. We affirm.

## Facts and Procedural History

[2] Under Cause No. 45G04-9803-CF-00048 ("Cause No. 48"), the court set Ottomanelli's bond at $5,000 on March 20, 1998. On April 3, 1998, Ottomanelli posted a cash bail bond. Later that year, Ottomanelli pled guilty to burglary as a class C felony. On July 17, 1998, the court sentenced Ottomanelli to six years in the Department of Correction. The court ordered that the sentence be served concurrent with his sentence under cause number 45G04-9805-CF-00096 ("Cause No. 96"). The sentencing order states:

> The defendant is ordered to pay court costs in the amount of $125.00. Public Defender Alexander Woloshansky files an affidavit of services provided, for costs of representation in both cases, in the amount of $180.00. The clerk is directed to deduct the costs of representation from the cash bond previously posted and deposit it in the county supplemental public defender fund. The balance of the bond, after the payment of court costs in this Cause and in Cause No. [96], and public defender fees, is ordered released.

Appellant's Appendix at 5. An entry in the chronological case summary ("CCS") for Cause No. 48 dated September 22, 2006, states: "Letter sent to defendant re: remaining bond will be sent to Unclaimed Funds." *Id.* at 3. A

December 8, 2006 CCS entry states: "Felony Criminal Bond Payment check #11340 to Indiana Attorney General – Unclaimed Funds." *Id.*

[3] Meanwhile, under Cause No. 96, the CCS reveals that the court granted Ottomanelli's motion to set bond and set bond at $10,000 on June 9, 1998. On July 17, 1998, the court sentenced Ottomanelli to six years in the Department of Correction. A CCS entry dated June 30, 2001, states: "Felony Criminal Court Costs (NON) imposed, to be deducted from bond in G04-9803-CF-48, per order dated 7-17-98. [sm/16] Receipt: 56273 Date 08/16/2006." *Id.* at 9.

[4] On August 7, 2014, Ottomanelli filed a Motion for Return of Cash Bond to Pay Petitioner under both cause numbers. On August 12, 2014, the court denied Ottomanelli's motion in an order listing both cause numbers and stating that the motion was "examined, considered and denied." *Id.* at 6.

[5] The CCS for each cause number includes an entry dated August 29, 2014, indicating that Ottomanelli filed a notice of appeal.[1] On September 17, 2014, Ottomanelli filed a motion to correct error under Trial Rules 59 and 60 in each cause number, which the court denied.[2]

[6] On October 22, 2014, Ottomanelli filed another notice of appeal listing both cause numbers. In the field of the notice of appeal for "Date of

---

[1] The record does not include a copy of a notice of appeal filed in August 2014.

[2] The record does not contain a copy of Ottomanelli's motion to correct error.

Judgment/Order being appealed," Ottomanelli wrote: "All documents still in trial Court (other documents were confiscated illegally by D.O.C.)." October 22, 2014 Notice of Appeal. That same day, an entry in the CCS for each cause number states: "Robert Ottomanelli submits a copy of the NOA filed with the clerk of the IN Ct of Appeals. Because the Notice appears to be untimely, no further order will issue without instruction from the appellate court." Appellant's Appendix at 2, 8.

### *Discussion*

[7] The issue is whether the trial court abused its discretion in denying Ottomanelli's motion to correct error or erred in denying his motion for return of cash bond. Ottomanelli argues that "there should be no refusal from the trial court to not release his bond money which has been due to him for a number of years now." Appellant's Brief at 2. He asserts that there has never been any prior determination if he was indigent. Without citation to the record, he argues that he paid $430 to the trial court for fees and costs, that there should have been only a $100 public defender fee and $120 in court costs, and that the trial court owes him $210 "after subtracting the appropriate calculations." *Id.* at 3. He requests that this court grant him relief in the amount of $210 and any other expenses incurred from filing this appeal. He also argues that the trial court abused its discretion in determining that he was late in filing his motion to correct error.

[8] The State asserts that the trial court did not err when it denied Ottomanelli's motion for the return of bond money. The State argues that Ottomanelli's

assertion that the trial court never determined his financial status should be deemed waived. It also contends that Ottomanelli's motion to correct error was untimely.

[9]     Initially, we observe that Ottomanelli is proceeding *pro se*. Such litigants are held to the same standard as trained counsel and are required to follow procedural rules. *Evans v. State*, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004), *trans. denied*. With respect to Ottomanelli's challenge of the court's denial of his motion to correct error, we observe that Ind. Trial Rule 59(C) required Ottomanelli to file a motion to correct error within thirty days of the court's August 12, 2014 order. However, Ottomanelli did not file a motion to correct error until September 17, 2014. Nonetheless, we will attempt to address the merits of his appeal given that the CCS indicates that he filed a timely notice of appeal on August 29, 2014, from the August 12, 2014 order denying his motion for return of cash bond.

[10]    The record reveals that the July 17, 1998 order in Cause No. 48, which referenced Cause No. 96, indicates that the court ordered Ottomanelli to pay court costs of $125 and costs of representation of $180 and that the "balance of the bond, after the payment of court costs in this Cause and in Cause No. [96], and public defender fees, *is ordered released*." Appellant's Appendix at 5 (emphasis added). We observe that an entry in the CCS under Cause No. 48 dated September 22, 2006, states: "Letter sent to defendant re: remaining bond will be sent to Unclaimed Funds." *Id.* at 3. A December 8, 2006 CCS entry under Cause No. 48 states: "Felony Criminal Bond Payment check #11340 to

Indiana Attorney General – Unclaimed Funds." *Id.* Ottomanelli does not develop any argument with respect to these CCS entries.

[11] Ottomanelli cites Ind. Code § 35-33-7-6(a), which provides: "Prior to the completion of the initial hearing, the judicial officer shall determine whether a person who requests assigned counsel is indigent. If the person is found to be indigent, the judicial officer shall assign counsel to the person." With respect to his argument that the court did not determine if he was indigent, the CCS for Cause No. 48 indicates that the court appointed Ottomanelli a public defender in March 1998, and the CCS for Cause No. 96 indicates that the court appointed a public defender for him in May 1998, both before the setting of the bond amount. There is no error here.

[12] To the extent Ottomanelli argues that the amounts of the court costs and public defender fee were excessive by five dollars and eighty dollars respectively and that he is owed $210, he does not cite to the record for his assertion that he paid $430, cite to any authority, or develop an argument regarding the calculation of the fees.[3] Consequently, Ottomanelli has waived this argument. *See Cooper v. State*, 854 N.E.2d 831, 834 n.1 (Ind. 2006) (holding that the defendant's contention was waived because it was "supported neither by cogent argument

---

[3] Ottomanelli does not cite any published case. Rather, he cites to one unpublished memorandum decision which, under Ind. Appellate Rule 65, cannot be cited as precedent. Rule 65 specifically states: "Unless later designated for publication, a not-for-publication memorandum decision shall not be regarded as precedent and shall not be cited to any court except by the parties to the case to establish *res judicata*, collateral estoppel, or law of the case." The table of authorities in Ottomanelli's brief lists *Dixon v. State*, 566 N.E.2d 594 (Ind. Ct. App. 1991), *trans. denied*, but the remaining sections of his brief do not cite *Dixon*.

nor citation to authority"); *Shane v. State*, 716 N.E.2d 391, 398 n.3 (Ind. 1999) (holding that the defendant waived argument on appeal by failing to develop a cogent argument).

## *Conclusion*

[13] For the foregoing reasons, we affirm the trial court's denial of Ottomanelli's motion.

[14] Affirmed.

Crone, J., and Pyle, J., concur.