## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 18 2018, 6:49 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Ellen M. O'Connor
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. MacKenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Torrey Huston,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

September 18, 2018

Court of Appeals Case No.
18A-CR-642

Appeal from the Marion Superior Court

The Honorable Alicia Gooden, Judge

Trial Court Cause No.
49G21-1607-F3-28149

**Robb, Judge.**

# Case Summary and Issue

[1]     After Torrey Huston failed to appear at his jury trial, the trial court tried him in absentia. The jury found him guilty of possession of cocaine and dealing in cocaine; the trial court entered judgment of conviction for dealing in cocaine and sentenced him to twelve years. Huston appeals, raising only one issue for our review: whether the trial court abused its discretion in finding that he voluntarily waived his right to be present at trial and trying him in his absence. Concluding Huston waived his right to be present and the trial court properly tried him in his absence, we affirm.

# Facts and Procedural History

[2]     In July of 2016, officers with the Indianapolis Metropolitan Police Department executed a valid search warrant on Huston's house where they found eleven people, including Huston. Officers discovered drug paraphernalia throughout the house and needles, a book logging drug transactions, and other paraphernalia in Huston's bedroom. Huston was arrested and charged with dealing in cocaine, a Level 3 felony, and possession of cocaine, a Level 5 felony.

[3]     On November 21, 2017, Huston appeared in person and with counsel at a pre-trial conference. At that time, the court set a final pre-trial conference for January 24, 2018 and a jury trial for January 30, 2018. Huston also appeared in person and with counsel at the final pretrial conference on January 24, 2018.

During the conference, Huston, by counsel, moved to continue the jury trial scheduled for the following Tuesday, January 30, 2018, in order to secure a witness. Noting the age of Huston's case, the trial court denied the motion to continue and confirmed the trial date for January 30, stating the case should "be ready to go on Tuesday." Transcript, Volume II at 6.

[4] On the date of trial, Huston failed to appear. Huston's counsel attempted to contact him but was unsuccessful. While attempting to contact Huston, counsel learned that there was an active warrant for Huston due to a community corrections violation and noted that it was doubtful he would appear for trial because of the warrant. The State requested the trial proceed in his absence. Huston's counsel objected and requested a continuance, arguing that Huston had the right to be present at his trial. The trial court denied the continuance and found that Huston knowingly and voluntarily waived his right to be present at trial:

> Alright. And, just for the record, um, the court did review [*Lampkins v. State*, 682 N.E.2d 1268 (Ind. 1997) and] based on the, um, language of that case which does as [counsel] state that a defendant . . . has a constitutional right to appear, that is subject to a knowing and voluntarily - - voluntary waiver, and the court does find that he has - - *that Mr. Huston has knowingly and voluntarily waived his right to be present today*. Um, as the best evidence that a defendant has knowingly and voluntarily waived his or her right to be present, as the defendant is present in court, or [sic] the date of the matter set for trial. Mr. Huston, as the court already stated was present in court on January 24th of 2018 at which time, um the - - the court stated this matter was set for trial on today's date, obviously was previously set even before January 24th, which Mr. Huston was aware of. Mr. Huston's counsel moved for a continuance on Mr. Huston's behalf. The court denied that continuance, and the matter was confirmed. The court finds that

> Mr. Huston has failed to appear at least at this point at 10:12 a.m., and then he's knowingly and voluntarily waived his right to be present, and the court will proceed in his absence.

*Id.* at 38-39 (emphasis added). The jury trial was held over the course of two days, January 30 and 31, and Huston did not appear either day. At the conclusion of the trial, the jury found Huston guilty as charged.

Huston was arrested on a bench warrant and appeared in court on February 28 for sentencing, at which time he engaged in a colloquy with the court in which he acknowledged that he was aware of the scheduling pattern of pre-trials and jury trials, that he received written notice of the trial date, and that he was in court on January 24 when the trial date was confirmed. The trial court sentenced Huston to twelve years at the Indiana Department of Correction. Huston now appeals.

# Discussion and Decision

## I. Standard of Review

We evaluate whether the trial court erred in finding that Huston waived his right to be present at his trial and subsequently trying him in absentia for an abuse of discretion. *Brown v. State*, 839 N.E.2d 225, 231 (Ind. Ct. App. 2005), *trans. denied*. A trial court abuses its discretion when its decision is "clearly against the logic and effect of the facts and circumstances or if the decision is contrary to law." *Garrett v. Spear*, 24 N.E.3d 472, 473-74 (Ind. Ct. App. 2014).

## II. Right to be Present at Trial

The Sixth Amendment to the United States Constitution and Article 1, section 13 of the Indiana Constitution provide a criminal defendant the right to be present at all stages of his or her trial. *Lampkins v. State*, 682 N.E.2d 1268, 1273 (Ind. 1997). However, a defendant may waive this right and be tried in absentia when the trial court determines that the defendant knowingly and voluntarily waived that right. *Id*. When there is evidence that a defendant has knowledge of the trial date, the trial court may find that the defendant knowingly and voluntarily waived his or her right to be present and proceed in the defendant's absence. *Fennell v. State*, 492 N.E.2d 297, 299 (Ind. 1986). The burden of showing the defendant waived this right rests with the State. *Phillips v. State*, 543 N.E.2d 646, 648 (Ind. Ct. App. 1989). The "best evidence" of a defendant's knowledge of the trial date is his or her "presence in court on the day that the trial date was set." *Id*. at 647. To determine whether a defendant waived his or her right to be present, we consider the entire record, *Holtz v. State*, 858 N.E.2d 1059, 1061 (Ind. Ct. App. 2006), *trans. denied*, as well as the defendant's explanation for his or her absence, *Fennell*, 492 N.E.2d at 299.

Huston argues that he did not knowingly and voluntarily waive his right to be present because he was confused about the trial date given his previous court appearances had been on Wednesdays and his "confusion about the actual day led to his failure to appear." Appellant's Brief at 15. He argues that he did not actually hear the date at the pre-trial conference, but believed his trial was January 31, not January 30. The State argues that Huston knowingly and

voluntarily waived his right to be present because he received written notice of the trial date in November 2017 and was present in court on January 24, where he requested, by counsel, that the January 30 trial date be continued. The trial court then denied the motion for a continuance and confirmed the trial date in Huston's presence. Huston subsequently failed to appear and did not contact his attorney or the court to explain his absence. Even if Huston believed his trial date to be January 31, he did not appear that day either despite his ongoing trial. Huston acknowledges that perhaps he "should have read the case management paper more closely or listened in court more intently, or come later, [but] he did not." *Id*. The record is clear. Huston was present in court on January 24 when his trial date was confirmed, which is the "best evidence" that he was aware of his trial date and knowingly and voluntarily waived his right to be present at trial when he did not appear on that date. *Phillips*, 543 N.E.2d at 647.

[9] As for additional facts and circumstances, the State calls our attention to several other details surrounding Huston's absence to further illustrate that he knowingly and voluntarily waived his right to be present. First, the State contends that Huston was aware of the pattern of scheduling pre-trial conferences on Wednesdays and trials on Tuesdays. Huston acknowledged this pattern in his colloquy with the trial court at his sentencing hearing. Second, Huston's counsel acknowledged at trial that because there was an active warrant for Huston due to his community corrections violation, it was perhaps unlikely that he would appear for the trial, thus suggesting a possible

explanation for his absence. Although Huston contends that the record is unclear as to why he did not appear for trial, namely whether it was to resolve the community corrections situation or to avoid arrest, neither explanation negates the evidence demonstrating that Huston was aware of his scheduled trial date.[1]

Huston's assertion that he has a constitutional right to be present at his trial is correct. However, the evidence clearly establishes that Huston knowingly and voluntarily waived his right to be present at trial. Therefore, we conclude that the State met its burden of proving that Huston knowingly and voluntarily waived his right to be present and thus, the trial court did not abuse its discretion when it tried Huston in his absence.

# Conclusion

For the foregoing reasons, we conclude that the trial court did not abuse its discretion in trying Huston in his absence. His conviction and sentence are affirmed.

Affirmed.

---

[1] The trial court provided a final jury instruction regarding the effect of Huston's absence from trial. On appeal, Huston briefly claims the instruction was insufficient to overcome the prejudice caused by his absence and corresponding inability to assist in his defense. However, the final jury instruction is not relevant to the issue of whether Huston's absence was knowing and voluntary and he does not make any other cogent argument that the instruction was in error.

Baker, J., and May, J., concur.