**H. Denny CLEFF, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

**No. 42A01–9009–CR–362.**

Court of Appeals of Indiana,
First District.

Jan. 28, 1991.

Susan K. Carpenter, Public Defender, Patrick R. Ragains, Deputy Public Defender, Indianapolis, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Geoff Davis, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

RATLIFF, Chief Judge.

### STATEMENT OF THE CASE

H. Denny Cleff (Cleff) appeals the denial of his petition to file a belated praecipe needed to appeal his convictions of ten counts of drug-related offenses. We affirm.

### ISSUE

Whether the trial court erred in denying Cleff permission to file a belated praecipe.

## FACTS

Cleff was convicted of ten counts of drug-related offenses on April 19, 1989. He was released on bond pending sentencing which, Cleff having waived the thirty day requirement for sentencing, was set for June 1, 1989, at 3:00 p.m. The court ordered Cleff not to leave Indiana pending sentencing. Soon after the jury's verdict, Cleff's attorneys informed Cleff he would probably receive a sentence of thirty-five years or more. Cleff then left Indiana and travelled to California.

Cleff did not appear at his sentencing on June 1, 1989, whereupon the court issued a warrant for his arrest. The court also sentenced Cleff on all ten counts to an aggregate sentence of thirty years, with ten years suspended.

On September 2, 1989, Illinois police arrested Cleff and transferred him to the Indiana Department of Correction to serve his sentence. On January 31, 1990, in Cause No. 42D01-8909-CF-044, Cleff was convicted of Failure to Appear [1] at the June 1, 1989, sentencing hearing.

On May 14, 1990, Cleff, by counsel, filed a petition for permission to file a belated praecipe in the case involving the ten drug-related convictions. Cleff accompanied his petition with his own affidavit and with affidavits from his trial attorney and the attorney initially appointed as his appellate counsel. The court denied Cleff's petition without an evidentiary hearing on May 31, 1990. Cleff now appeals the denial of his petition.

## DISCUSSION AND DECISION

Cleff asserts the trial court erred in denying him permission to file a belated praecipe. Cleff supports his assertion with arguments that the court should not have sentenced him *in absentia* and that he did not forfeit his right to an appeal by absenting himself from sentencing.

A defendant has a right to be present when sentenced, *Disney v. State* (1982), Ind.App., 441 N.E.2d 489, 492; IND.CODE § 35-38-1-4(a).[2] However, "[a] defendant may waive his right to be present at sentencing if it is shown that his absence from the jurisdiction at the time of that proceeding is knowing and voluntary." *Crank v. State* (1987), Ind.App., 502 N.E.2d 1355, 1359, *trans. denied.* A trial court may conclude a defendant's absence from sentencing is knowing and voluntary when there is evidence the defendant knew the date of sentencing. *Williams v. State* (1988), Ind., 526 N.E.2d 1179, 1180. The best evidence of a defendant's knowledge is the defendant's presence in court on the day the sentencing is scheduled. *Id.*

Cleff acknowledges that Indiana case law permits sentencing an absent defendant in certain situations. However, Cleff argues the equal protection clauses of Amendment XIV of the United States Constitution and of Article One, Section One of the Indiana Constitution are violated when Indiana trial courts are permitted to choose whether to sentence an absent defendant or to wait until the defendant returns to the jurisdiction before sentencing the defendant and advising him of the right to appeal. Cleff argues he was similarly situated with, but treated differently from, other defendants who were absent from a sentencing hearing but were not sentenced and advised of their appeal rights until their return to the jurisdiction.

We first remind Cleff that: "Equal protection analysis requires strict judicial scrutiny of legislative classifications [3] only

---

1. IND.CODE § 35-44-3-6.

2. IND.CODE § 35-38-1-4(a) provides: "The defendant must be personally present at the time sentence is pronounced. If the defendant is not personally present when sentence is to be pronounced, the court may issue a warrant for his arrest."

3. Although the majority of cases discuss equal protection for state actions involving statutory classifications, we find no authority which limits equal protection analysis to state actions based on statutory classifications. To the contrary, we find cases which analyze state actions based on non-statutory state actions. Only a few such cases involve: alleged purposeful racial discrimination in selection of a jury, *Minniefield v. State* (1989), Ind., 539 N.E.2d 464; charging a defendant with being an habitual offender, *Kindred v. State* (1989), Ind., 540 N.E.2d 1161; charging a crime as a capital crime, *Townsend v. State* (1989), Ind., 533 N.E.2d 1215, *cert. denied* (1990), —— U.S. ——, 110 S.Ct. 1327, 108 L.Ed.2d 502; and selecting cases for prosecution *Falls v. Town of Dyer, Indiana* (7th Cir.1989), 875 F.2d 146.

when the classification impinges impermissibly upon the exercise of a fundamental right or operates to the peculiar disadvantage of a suspect class." *Rohrabaugh v. Wagoner* (1980), 274 Ind. 661, 413 N.E.2d 891, 893.

■ Cleff does not assert membership in a suspect class, but alleges his right to be present at sentencing is a fundamental right. A fundamental right is one explicitly or implicitly secured by the Constitution. *See Harris v. McRae* (1980), 448 U.S. 297, 312, 100 S.Ct. 2671, 2685, 65 L.Ed.2d 784, 801; *O'Brien v. State* (1981), Ind.App., 422 N.E.2d 1266, 1270. Neither the United States Constitution nor the Indiana Constitution explicitly or implicitly secure to a defendant the right to be present at sentencing. Furthermore, "the right to be present at the time sentence or judgment is pronounced is a common law right, separate and apart from the constitutional or statutory right to be present at the trial." *Joseph v. State* (1957), 236 Ind. 529, 540, 141 N.E.2d 109, 114, *cert. dismissed* (1959), 359 U.S. 117, 79 S.Ct. 720, 3 L.Ed.2d 673 (citing *Ball v. United States* (1891), 140 U.S. 118, 11 S.Ct. 761, 35 L.Ed. 377.) It is merely Indiana statutory law and common law which secure to a defendant the right to be present during sentencing. *See* I.C. § 35–38–1–4(a); *Crank*, 502 N.E.2d at 1358; *Disney*, 441 N.E.2d at 492. Thus, a defendant's right to be present during sentencing is not a fundamental right and strict scrutiny of the state's classification is not required.

"Where a fundamental right is not involved, the standard of review is that the classification not be arbitrary or unreasonable and that a 'fair and substantial' relationship exist between the classification and the purpose of the legislation creating it." *O'Brien*, 422 N.E.2d at 1270 (citing *Sidle v. Majors* (1976), 264 Ind. 206, 341 N.E.2d 763.) The question is whether the State's classification is rationally related to furthering a legitimate state interest. *See Sobieralski v. City of South Bend* (1985), Ind.App., 479 N.E.2d 98, 100, *trans. denied.*

Here, the State's challenged action involved sentencing Cleff although he was voluntarily absent from the jurisdiction at the time of the sentencing hearing. Cleff asserts the decision by a trial court whether to sentence or to forgo sentencing an absent defendant is based on an arbitrary classification by an Indiana trial court.

The purpose of *Crank*, 502 N.E.2d at 1359, *Williams*, 526 N.E.2d at 1180, and similar cases which permit a trial court to sentence an absent defendant who has knowingly and voluntarily waived his right to be present at sentencing by remaining absent from the jurisdiction is to serve the interest of prompt judicial administration.

We agree with the State that:

"[I]t serves legitimate purposes to allow a judge discretion to sentence some absent defendants and to postpone the sentencing of others. The trial judge is in the best position to determine whether the defendant knowingly or intentionally absented himself from sentencing or, whether the court even has sufficient evidence before it to make a determination one way or the other.... [I]n some cases the court may determine it appropriate to listen to a defendant's explanation for his voluntary, knowing absence, to hear the Defendant's personal reaction to information contained in the pre-sentence investigation report, or to consider acts committed by the defendant pending sentencing before rendering an appropriate sentence. The court may consider sentencing in person a step in the rehabilitative process for some defendants."

Appellee's Brief at 7–8.

■ We cannot say the grounds are totally arbitrary or unreasonable which justify a trial court's decision to classify a case of an absent defendant as either one in which sentencing should take place in the defendant's absence or as one in which sentencing should be forgone until the defendant has been returned to the jurisdiction. We find the discretion permitted Indiana trial courts to so classify defendants is rationally related to furthering the legitimate state interest of prompt judicial administration.

■ Furthermore, Cleff has not shown that the trial court's discretionary decision

to sentence him *in absentia* was unreasonable or arbitrary. Cleff was present through his entire trial and was aware of his ten convictions and of the date and time of his sentencing hearing. Thus, the trial court reasonably could have determined Cleff knowingly and voluntarily waived his right to be present during his sentencing hearing when Cleff failed to appear at sentencing. The court sentenced Cleff to concurrent sentences for all ten convictions and suspended ten years of the thirty year sentences for the four class A felony convictions. Thus, the trial court sentenced Cleff to the minimum possible executed sentence under IND.CODE § 35–50–2–4 and IND.CODE § 35–50–2–2(b)(4). We hold the trial court did not err in sentencing Cleff *in absentia.*

█ Cleff asserts that even if the court properly sentenced him although he was absent from the sentencing hearing, the trial court erred in implying by its denial of his motion to file a belated praecipe that he had waived his right to appeal by remaining absent from the sentencing hearing where his appeal rights would have been ·provided.

Cleff correctly states that Article 7, § 6 of the Indiana Constitution provides for the absolute right to appellate review. Thus, the right to appeal is a fundamental right in Indiana. Nevertheless, under certain circumstances, a defendant may waive the right to an appeal. "Waiver is defined as being an intentional relinquishment or abandonment of a known right or privilege. Therefore, to forfeit the right to appeal, the defendant must make a knowing, voluntary, and intelligent waiver." *Evolga v. State* (1988), Ind., 519 N.E.2d 532, 533–34 (citations omitted). The act of escape is not, by itself, proof of a defendant's knowing and voluntary relinquishment of the statutory right to appeal. *Id.* at 534. Nevertheless, escape "is a voluntary act which may prevent him from meeting the criteria necessary" for permission to file a belated appeal. *Id.* Similarly, failure to appear is a factor for the trial court to consider when deciding whether to grant permission to file a belated motion to correct errors. *James v. State* (1989), Ind.,

541 N.E.2d 264. A trial court ruling upon a petition for permission to file a belated praecipe must consider whether a defendant's "failure to file a timely praecipe was not due to the fault of the defendant" and whether "the defendant has been diligent in requesting permission to file a belated praecipe". Ind. Post–Conviction Rule 2, § 1.

Effective February 16, 1989, the time for filing a praecipe for initiating an appeal was changed from sixty to thirty days. *See* Ind. Appellate Rule 2. In addition, the language of Ind. Post–Conviction Rule 2 was changed to reflect the rules for filing a belated praecipe as well as the rules for filing a belated motion to correct error or a belated appeal and Ind. Trial Rule 59 was changed to make a motion to correct errors permissive in most situations. By order of our supreme court, dated March 16, 1989, for any sentencing received before July 1, 1989, as was Cleff's, a defendant on appeal may choose to follow the versions of the above rules which were effective on January 1, 1989, or the amendments which became effective on February 16, 1989.

In a case interpreting the predecessor to P–C.R. 2, we held it is within a trial court's discretion whether to grant permission to file a belated motion to correct errors. *Brown v. State* (1989), Ind.App., 536 N.E.2d 549, 550. We will reverse the trial court's ruling only if the court has abused its discretion or its ruling is contrary to law. *Id.*

Cleff's escape was a voluntary act and his continued absence from the jurisdiction during the period in which the time to appeal was running caused his failure to file a motion to correct errors or a praecipe within either thirty or sixty days after the June 1, 1989, sentencing. Nevertheless, by voluntarily remaining absent from the jurisdiction and thereby failing to file a timely appeal, Cleff knowingly and voluntarily waived his absolute right to appeal. The trial court had the discretion to deny Cleff's May 14, 1990, motion for a belated praecipe which he needed to take an appeal. We hold the trial court did not abuse its discretion in denying Cleff's motion.

Affirmed.

HOFFMAN, P.J., and ROBERTSON, J., concur.