## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 21 2016, 5:40 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Katherine Modesitt Cooper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| John Middleton,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | June 21, 2016<br><br>Court of Appeals Case No.<br>28A05-1602-CR-282<br><br>Appeal from the Greene Superior Court<br><br>The Honorable Dena A. Martin, Judge<br><br>Trial Court Cause No.<br>28D01-1601-F6-6 |

**Altice, Judge.**

### Case Summary

[1] John Middleton appeals the sentence imposed following his guilty plea to two counts of Level 6 felony theft. He appeared at sentencing via a two-way video from the jail without a written waiver of his right, under Ind. Code § 35-38-1-4(a), to be present in person for sentencing. This procedure was a clear violation of statute, Indiana Administrative Rule 14(A), and our Supreme Court's recent directive. Because Middleton did not object to utilization of this improper procedure, however, he labors under the heavy burden of establishing fundamental error.

[2] We affirm.

## Facts & Procedural History

[3] On January 7, 2016, the State charged Middleton with two counts of Level 6 felony theft for stealing televisions from Walmart on two separate occasions. Middleton appeared for his initial hearing by two-way video from the jail on Friday, January 8, 2016. Middleton informed the trial court that he wished to proceed without counsel and to plead guilty. The court informed Middleton that it was not prepared to accept his guilty plea that day but could set a hearing for the following Monday, January 11, 2016. Middleton agreed and requested that he also be sentenced on Monday. The court then set the hearing as discussed and indicated "we will just do it by vie [sic] the two way video just like we are today okay?" *Transcript* at 11. Middleton did not object.

[4] On January 11, 2016, Middleton appeared, pro se, for his change of plea hearing and sentencing via two-way video from the jail. Once again, Middleton

expressed his desire to plead guilty and "get it over with." *Id*. at 13. The court advised Middleton of his right to an attorney and the benefits of being represented by counsel. Middleton indicated that speaking with an attorney might be in his best interest but stated "I am ready to proceed." *Id*. at 15. The court then inquired as to whether the decision was being made freely and voluntarily and as to Middleton's experience with the criminal justice system. Middleton responded that he was acting freely and voluntarily and stated, "I believe this is the best decision I could possibly make at this time your honor." *Id*. at 16. The trial court then proceeded with the plea hearing, during which the court thoroughly advised and questioned Middleton, the State established a factual basis, and Middleton freely and voluntarily pled guilty without the benefit of a plea agreement. The trial court accepted Middleton's plea.

[5]     With respect to sentencing, Middleton provided the following in allocution:

> I know I am not making any excuses, I want to take responsibility for my actions I did take the stuff, it did not belong to me, I should have not taken it, I do have a criminal history, but I am much more responsible than that now, I am on probation in Daviess county, but not for stealing, I will cooperate with the law, but roughly two and half years ago I severely injured myself and I have had six surgeries since that date, June 26, 2013, I have been opiate addict since and an alcoholic and I just kind of lost my way again and that is why I stole the stuff was to partially support Christmas for my children and to support a drug addict and I am sincerely sorry and I am just ready to take responsibility, to get clean, I am kind of glad I am where I am at right now, I am glad I couldn't afford to bond out because I am starting to feel better about myself and better, you know, the withdraws are easing up a little bit, I just want to get clean, I just

want to get clean and be happy and get back home that is all I
have to say Judge and I am sorry.

*Id.* at 24-25. The State then went through Middleton's lengthy criminal history with Middleton to ensure its accuracy. After this colloquy, Middleton stated, "I was doing pretty good I just kind of lost my way, I have been clean for almost 8 years and I got this injury and I just fell off face first." *Id.* at 27.

[6] At the conclusion of the hearing, the trial court addressed the aggravating and mitigating factors, including Middleton's guilty plea, acceptance of responsibility, extensive criminal history, and probationary status at the time of these offenses. The court then imposed two years executed in the Greene County Jail on each count and ordered the sentences to be served consecutively for an aggregate sentence of four years. Middleton now appeals.

## Discussion & Decision

[7] Middleton's sole argument on appeal is that the trial court erred by conducting the sentencing hearing via video conference without obtaining a written waiver of his right to be present in person. Middleton acknowledges that he did not object below. Accordingly, he argues that the error was fundamental.

[8] "Neither the United States Constitution nor the Indiana Constitution explicitly or implicitly secure to a defendant the right to be present at sentencing." *Cleff v. State*, 565 N.E.2d 1089, 1091 (Ind. Ct. App. 1991), *trans. denied*. This non-constitutional right is found in I.C. § 35-38-1-4(a), which provides that criminal defendants "must be personally present at the time sentence is pronounced." In

other words, the statute requires a "defendant's actual physical presence" at sentencing. *Hawkins v. State*, 982 N.E.2d 997, 1002 (Ind. 2013).

[9] Indiana Administrative Rule 14(A)(2)(c) provides that a trial court "may use audio visual telecommunication to conduct…[s]entencing hearings…when the defendant has given a written waiver of his or her right to be present in person and the prosecution has consented." "Thus, a trial court may conduct a sentencing hearing at which the defendant appears by video, but only after obtaining a written waiver of his right to be present and the consent of the prosecution." *Hawkins*, 982 N.E.2d at 1002-03.

[10] In *Hawkins*, the defendant appeared at sentencing by video conference without expressly waiving his right to be present in person. Like Middleton, the defendant in *Hawkins* failed to object. Because the Supreme Court was remanding for a new trial on another ground, the court determined: "we need not decide the impact of Hawkins's failure to contemporaneously object or weigh the impact of denying a defendant the right to be physically present for sentencing under fundamental error analysis." *Id*. at 1003. The Court, nevertheless, took the opportunity to caution trial courts as follows:

> Going forward, though, we would expect to see what our rules require reflected in the record, and would urge trial courts to be cautious of using procedures—however efficient they may be— without following all of the steps required to implement those procedures in a way that is fair to all involved.

*Id.* As this warning was not headed in the instant case, we are left to determine whether the failure to obtain a written waiver from Middleton or have him physically present at sentencing amounted to fundamental error.

[11] Fundamental error is an extremely narrow exception to the waiver rule where the defendant faces the heavy burden of showing that the alleged error was so prejudicial to the defendant's rights as to make a fair trial impossible. *Ryan v. State*, 9 N.E.3d 663, 668 (Ind. 2014). To establish fundamental error, the defendant must show that, under the circumstances, the error "constitute[d] clearly blatant violations of basic and elementary principles of due process" and "present[ed] an undeniable and substantial potential for harm." *Id.* (quoting *Benson v. State*, 762 N.E.2d 748, 756 (Ind. 2002)). "Fundamental error is meant to permit appellate courts a means to correct the most egregious and blatant trial errors that otherwise would have been procedurally barred, not to provide a second bite at the apple for [those] who ignorantly, carelessly, or strategically fail to preserve an error." *Id.*

[12] Middleton does not meet the heavy burden of establishing fundamental error. His entire fundamental error argument is as follows:

> Few rights afforded to a defendant require a waiver be made in writing; a defendant's waiver of his constitutional right to a jury trial is one such example. It would seem, then, that the right of one to be physically present at his sentencing is nearly as fundamental as the right to be tried by a jury of one's peers.

*Appellant's Brief* at 6.

[13] As set forth above, the right to be present at sentencing is not a constitutional right. *Cleff*, 565 N.E.2d at 1091. Further, the record establishes that Middleton received a thorough sentencing hearing at which he had the opportunity to be heard, offer evidence, and present his sentencing argument via video conference. While we do not condone the trial court's failure to follow Administrative Rule 14(A), we conclude that Middleton's presence via video conference without a written waiver did not violate basic and elementary principles of due process.[1] Accordingly, the error was not fundamental.

[14] Judgment affirmed.

[15] Bailey, J., and Bradford, J., concur.

---

[1] A challenge to his sentence on this issue could have been avoided had waiver forms been available at the jail for Middleton's consideration.