David, Justice, dissenting.
Court technology is presently advancing at a rapid pace, making the work of trial courts more efficient than ever before. Case timelines are shortened, paperwork is reduced, and costs of administration are down-all thanks to the advancement and availability of technology. But should technological conveniences such as video conferencing replace a defendant's right to be physically present during his or her sentencing hearing? I think the answer is no. I respectfully dissent from the denial of transfer in this case.
In Hawkins v. State , 982 N.E.2d 997, 1002 (Ind. 2013), we considered this very issue. In that case, the defendant was tried in absentia after missing his trial. After he was taken into custody, he appeared at his sentencing hearing from jail via video conference. On appeal, the defendant argued, inter alia, that the trial court abused its discretion by sentencing him via video. Id. at 998. While stopping short of finding a constitutional due process right to be physically present at a sentencing hearing, *456 our Court made several key observations that still carry weight today.[1]
First, Indiana Code section 35-38-1-4(a) requires that a defendant "must be personally present at the time [a] sentence is pronounced." (Emphasis added). As with other rights, a defendant may waive his or her right to be personally present at a sentencing hearing when that defendant "has given a written waiver of his or her right to be present in person and the prosecution has consented." Ind. Admin. Rule 14(A)(2)(c). Our Court construed the term "personally present" to "refer to the defendant's actual physical presence ." Hawkins , 982 N.E.2d at 1002 (emphasis added). As such, defendants under both our code and administrative law must be physically present at a sentencing hearing and can only be sentenced via video conference if that defendant produced a written waiver of his or her rights and the prosecution consented. The record before us does not reflect that either requirement has been met.
The record does reflect, however, that the Defendant failed to object to the form of the proceeding during trial. Under these circumstances, the Defendant must show the trial court committed fundamental error by not requiring him to be physically present during his sentencing hearing. I agree with Judge Pyle's dissent in this case that "a trial court may commit fundamental error when a sentencing hearing is conducted without the defendant being physically present." Gary v. State , 113 N.E.3d 237, 243 (Ind. Ct. App. 2018) (Pyle, J., dissenting). After all, "this right may be as old as the great State of Indiana." Id.
But I would go one step further and find that, while still subject to waiver by a defendant, there is a constitutional right to be physically present at a sentencing hearing. Trial court judges are tasked with many responsibilities during trial including judging a defendant's demeanor, advising a defendant about important rights and procedures, and freely interacting with all parties involved at sentencing. The use of video conferencing significantly diminishes each of these responsibilities and causes obvious concerns for the procedural safeguards for which our judicial system has worked so hard to implement. Combined with our legislature's mandate that defendants are entitled-and even compelled[2] -to be physically present at sentencing hearings, Ind. Code § 35-38-1-4(a), I believe there are significant and important reasons for finding a constitutional right for a defendant to be physically present at a sentencing hearing.
I am certainly not opposed to the advent of technology in the courtroom. In fact, technology has increased access to justice across the state. I am a firm believer in technology, and I am proud of Indiana's advancement in that area. But there comes a time when we must stand firm on the very principles of due process and find that, no matter the convenience, defendants are entitled to certain basic rights in our adversarial system. Because I believe the Defendant was entitled to be physically present at the sentencing hearing, I respectfully dissent from the denial of transfer *457 and would vacate the Defendant's sentence and remand for a new sentencing hearing.
Rush, C.J., joins.

In Hawkins , there was no record of the defendant waiving his right to be present at the hearing or any record that the prosecution consented to this video conference. 982 N.E.2d at 1003. This issue was moot, however, because the case was remanded for a new trial.

In Hawkins , we observed that IC 35-38-1-4(a) was written "in such a way that it conveys not only the defendants right to be present at sentencing, but also his obligation to be present." 982 N.E.2d at 1003 n.4 (emphasis in original).