## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 21 2020, 8:36 am

C L E R K
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kimberly A. Jackson
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Courtney Staton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Johnny Wood,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

September 21, 2020

Court of Appeals Case No.
20A-CR-472

Appeal from the Jefferson Circuit
Court

The Honorable Donald J. Mote,
Judge

Trial Court Cause No.
39C01-1907-F4-945

**Mathias, Judge.**

[1]     Johnny Wood ("Wood") was convicted in Jefferson Circuit Court of Level 5
        felony dealing in methamphetamine, Level 6 felony maintaining a common

nuisance, and Level 6 felony neglect of a dependent. The trial court ordered Wood to serve an aggregate seven-year sentence. Wood appeals his sentence and raises two issues, which we restate as:

> I. Whether the trial court erred when it issued its written sentencing order outside of Wood's presence and increased his aggregate sentence from four years to seven years; and,

> II. Whether Wood's seven-year sentence is inappropriate in light of the nature of the offense and the character of the offender.

[2]     We affirm.

## Facts and Procedural History

[3]     On July 25, 2019, the State Police executed a search warrant at Wood's residence in Dupont, Indiana, to search for evidence of dealing and possession of methamphetamine. During the search, an officer discovered four bags of methamphetamine in Wood's pocket. Wood admitted to using methamphetamine and dealing "small amounts" to his friends. Tr. Vol. 2, pp. 107–08. The officers also found methamphetamine in a child's bedroom and in an area behind the garage. The officers discovered smoking pipes, scales, packaging material and other paraphernalia in Wood's garage. Wood's cellphone contained text messages concerning the purchase and sale of methamphetamine.

[4]     On July 26, 2019, the State charged Wood with Level 4 felony dealing in methamphetamine, Level 5 felony possession of methamphetamine, Level 6

felony maintaining a common nuisance, Level 6 felony neglect of a dependent, and Class C misdemeanor possession of paraphernalia.

[5] Wood's jury trial commenced on December 19, 2019. The jury found Wood guilty of Count Two: Level 5 felony possession of methamphetamine, Count Three: Level 6 felony maintaining a common nuisance, Count Four: Level 6 felony neglect of a dependent, and Count Five: Level 5 felony dealing in methamphetamine.

[6] Wood's sentencing hearing was held on January 15, 2020. Wood admitted that he has a substance abuse problem and has used illegal substances since he was a teenager. The court considered Wood's minimal criminal history and service in the U.S. military as mitigating circumstances. The court found that the continuous and lengthy nature of methamphetamine use at Wood's home and his history of substance abuse were aggravating circumstances. The court also considered as aggravating the fact that Wood gave methamphetamine to another dealer the day before his arrest, the nature and circumstances of the crime, and that a five-year-old child was present in the home where methamphetamine use was frequent.

[7] From the bench, the court ordered Wood to serve an aggregate four-year sentence. Specifically, Wood was ordered to serve three years for the Level 5 felony dealing in methamphetamine conviction and one year for each Level 6 felony conviction. The one-year sentence for neglect of a dependent was ordered to be served consecutive to the three-year sentence for the dealing

conviction. The trial court vacated Count Two, the Level 5 felony possession charge due to double jeopardy concerns.

[8] On January 27, 2020, the trial court issued a written sentencing order. The trial court mistakenly imposed a concurrent five-year sentence on Count Two, the vacated possession charge. The court also increased the sentences on Counts Three, Four and Five from what it had announced at the sentencing hearing. Specifically, in the written order, the court sentenced Wood to five years for the Level 5 dealing conviction to be served consecutive to two years imposed for the Level 6 felony neglect of a dependent conviction. The court also ordered Wood to serve a two-year concurrent term for his Level 6 felony maintaining a common nuisance conviction.

[9] Wood filed a notice of appeal on March 5, 2020. Shortly thereafter, the trial court notified Wood and our court that it intended to issue a new sentencing order. The Department of Correction had notified the trial court that the court had mistakenly sentenced Wood on Count Two, the vacated possession charge. Our Court remanded the case to the trial court and ordered the court to enter its *nunc pro tunc* judgment and sentencing order no later than April 6. 2020.

[10] On April 6, 2020, the trial court issued a new sentencing order *nunc pro tunc*. The court corrected its error and imposed the same sentences for Counts Three, Four and Five that it imposed in its January 27, 2020 written sentencing order. Wood appeals his aggregate seven-year sentence.

## I. The Oral Versus Written Pronouncement of Sentence

[11] Wood argues that he had a right to be personally present when his sentence was pronounced. He insists that this right was violated when the court orally imposed a four-year sentence at the sentencing hearing but "inexplicably" imposed a seven-year sentence when it issued its written January 27, 2020 order and the corrected sentencing order *nunc pro tunc*. Appellant's Br. at 13, 15–16 (claiming that "[a]llowing a trial court to add 3 years of incarceration outside the presence of the defendant without a hearing renders the sentence unconstitutional").[1]

[12] Indiana Code section 35-38-1-4 provides that a "defendant must be personally present at the time sentence is pronounced. If the defendant is not personally present when sentence is to be pronounced, the court may issue a warrant for his arrest." The defendant's presence at the sentencing hearing allows him to exercise his right of allocution. *Woods v. State*, 98 N.E.3d 656, 661 (Ind. Ct. App. 2018), *trans. denied*.

[13] The right of allocution is preserved by Indiana Code section 35-38-1-5, which provides:

---

[1] A defendant's right to be physically present at his or her sentencing hearing is not rooted in the Indiana or Federal Constitutions, but in statutory and common law. "Neither the United States Constitution nor the Indiana Constitution explicitly or implicitly secure to a defendant the right to be present at sentencing." *Cleff v. State*, 565 N.E.2d 1089, 1091 (Ind. Ct. App. 1991), *trans. denied*. However, two justices on the Indiana Supreme Court recently stated that "there are significant and important reasons for finding a constitutional right for a defendant to be physically present at a sentencing hearing." *See Gary v. State*, 116 N.E.3d 455 (Ind. 2019) (David, J., joined by Rush, C.J., dissenting from denial of transfer).

When the defendant appears for sentencing, the court shall inform the defendant of the verdict of the jury or the finding of the court. The court shall afford counsel for the defendant an opportunity to speak on behalf of the defendant. The defendant may also make a statement personally in the defendant's own behalf and, before pronouncing sentence, the court shall ask the defendant whether the defendant wishes to make such a statement. Sentence shall then be pronounced, unless a sufficient cause is alleged or appears to the court for delay in sentencing.

The purpose of the right of allocution is satisfied "[w]hen the defendant is given the opportunity to explain his view of the facts and circumstances[.]" *Vicory v. State*, 802 N.E.2d 426, 430 (Ind. 2004).

[14] During the sentencing hearing, the State argued that the trial court should impose a seven-year aggregate sentence. Wood was present at the sentencing hearing and presented evidence and argument concerning his sentence. Wood did not argue for a specific length of sentence but asked to serve his sentences on all counts concurrent with each other. The probation department did not recommend a specific term of years but only made recommendations if a portion of Wood's sentence was to be suspended.

[15] After hearing the parties' arguments, the trial court orally ordered Wood to serve an aggregate four-year sentence.[2] Tr. Vol. 3, p. 7. However, when the court issued its written sentencing order on January 27, 2020, the court imposed

---

[2] The abstract of judgment dated January 31, 2020, lists the same aggregate four-year sentence pronounced at the sentencing hearing for Counts 3 (maintaining a common nuisance), 4 (neglect of a dependent), and 5 (dealing in methamphetamine). Appellant's App. pp. 184–85.

an aggregate seven-year sentence. This original written sentencing order mistakenly imposed a sentence on Count Two (possession of methamphetamine) to be served concurrent with the sentence imposed for Count Five, the dealing conviction. With our court's permission, the trial court issued a sentencing order *nunc pro tunc* to correct its error in imposing a sentence on Count Two and, for Counts Three, Four, and Five, imposed the same seven-year aggregate sentence contained in the original January 27 written sentencing order.

[16] When faced with an inconsistency between oral and written sentencing statements, the appellate court can "credit[] the statement that accurately pronounces the sentence or remand[] for resentencing." *McElroy v. State*, 865 N.E.2d 584, 589 (Ind. 2007). "Rather than presuming the superior accuracy of the oral statement, we examine it alongside the written sentencing statement to assess the conclusions of the trial court. This Court has the option of crediting the statement that accurately pronounces the sentence or remanding for resentencing." *Id.*

[17] When the oral and written sentencing statements contain a significant inconsistency concerning the length of sentence, our court generally remands to the trial court for clarification or resentencing. However, in this case, the trial court imposed the same seven-year aggregate sentence in both written

sentencing orders. We therefore conclude that the trial court intended to impose the sentence ordered in its written sentencing statements.[3]

[18] Moreover, Wood was present at the sentencing hearing and had the opportunity to respond to the State's argument requesting a seven-year aggregate sentence. For these reasons, we conclude that Wood was not denied the right to be present when his sentence was pronounced.

## II. Inappropriate Sentence

[19] Wood also argues that his aggregate seven-year sentence is inappropriate in light of the nature of the offense and the character of the offender. Pursuant to Indiana Appellate Rule 7(B), "[t]he Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." We must exercise deference to a trial court's sentencing decision because Rule 7(B) requires us to give due consideration to that decision, and we understand and recognize the unique perspective a trial court brings to its sentencing decisions. *Rose v. State*, 36 N.E.3d 1055, 1063 (Ind. Ct. App. 2015). "Such deference should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as

---

[3] We are not unsympathetic to Wood's dismay over the increase in his sentence. The trial court did not make any statement at the sentencing hearing that would have put Wood on notice that the trial court misspoke when it stated that Wood would serve an aggregate four-year sentence. The trial court judge was tasked with carefully and thoughtfully crafting an appropriate sentence for Wood. The significant inconsistency between the oral and written sentencing statements demonstrates that the trial court did not execute its duty in the manner that we expect from our trial court judges.

accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

[20] The determination of whether we regard a sentence as inappropriate "turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Bethea v. State*, 983 N.E.2d 1134, 1145 (Ind. 2013) (quoting *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008)). The appropriate question is not whether another sentence is more appropriate, but whether the sentence imposed is inappropriate. *Rose*, 36 N.E.3d at 1063.

[21] Although we have the power to review and revise sentences, the principal role of appellate review should be to attempt to "leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell*, 895 N.E.2d at 1225. Our review under Rule 7(B) should focus on "the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." *Id.* And it is the defendant's burden on appeal to persuade us that the sentence imposed by the trial court is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[22] The sentencing range for a Level 5 felony is between one and six years. Ind. Code § 35-50-2-6. And the sentencing range for a Level 6 felony is between six

months and two and one-half years. Ind. Code § 35-50-2-7. Wood was convicted of Level 5 felony dealing in methamphetamine and ordered to serve five years. For his Level 6 felony maintaining a common nuisance and Level 6 felony neglect of a dependent convictions he was ordered to serve two years each. Only the dealing and neglect sentences were ordered to be served consecutive to each other. Wood's aggregate seven-year sentence is less than the maximum sentence the trial court could have imposed for his convictions.

[23] Concerning the nature of his offenses, Wood argues that his sentence is inappropriate because his offenses were committed to support his drug addiction and he only sold small amounts of drugs to his friends to support his habit. He also suggests that his sentence is inappropriate because his offenses did not cause physical harm to any person.

[24] Wood admitted to using and selling methamphetamine. He allowed his friends and family to use methamphetamine in his home when young children were present. Methamphetamine was found in a child's bedroom and in the garage next to items that belonged to a child. He also sold methamphetamine to a "very pregnant woman." Tr. Vol. 3, p. 7.

[25] Turning to Wood's character, he observes that his criminal history is minimal, he served in the military, and he is likely to respond favorably to rehabilitation and substance abuse treatment. But forty-six-year-old Wood has never sought substance abuse treatment despite his admission that he has used illegal substances since he was thirteen years old. He also exposed the children in his

home to drug use. We agree that his prior driving while suspended conviction constitutes minimal criminal history, but Wood has not led a law-abiding life.

[26] After considering the nature of the offenses and the character of the offender, we conclude that his aggregate seven-year sentence is not inappropriate.

## Conclusion

[27] Wood has not persuaded us that the trial court committed reversible error in sentencing him. And his seven-year aggregate sentence is not inappropriate in light of the nature of the offense and the character of the offender.

[28] Affirmed.

Najam, J., and Vaidik, J., concur.